**Mavis WHITT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38507.**

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

Payne Roye, Graham, (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant waived a jury and pleaded guilty to an indictment the first count of which alleged the offense of felony theft

and the second, the offense of receiving and concealing stolen property.

The judgment entered upon said plea recites:

"and the Court after having heard all the evidence for the State and the defendant and argument of counsel is of the opinion and so finds that the said defendant is guilty as confessed by *him* of the offense of *receiving and concealing stolen property as charged in the indictment*, Second Count and finds that *his* punishment should be confinement in the State penitentiary for a term of five (5) years.

"It is therefore CONSIDERED, ORDERED, ADJUDGED and DE-CREED BY THE COURT that the said defendant Mavis Whitt is guilty of the offense of *theft over $50.00*, as charged in the indictment as confessed by *him* in *his* said plea of guilty herein made, and that *he* be punished, as determined by the Court by confinement in the state penitentiary for a term of five (5) years * * *"

The imposition of sentence was suspended and probation was granted, one of the conditions being that appellant:

"4. Avoid places of disreputable or harmful character and all other places where gambling is permitted or where liquor is sold, including pool halls, beer taverns and liquor stores."

Petition to revoke probation was filed and after a hearing order was entered revoking probation upon the court's finding that appellant had violated the terms of her probation "in that she worked in and frequented beer taverns and other places of disreputable and harmful character, and otherwise violated the conditions of her probated sentence." This appeal is from the order revoking probation.

 An examination of the statement of facts reveals no evidence to sustain the court's findings or to show that appellant violated any condition of her probation unless it be the undisputed fact that she worked as a waitress at a reputable place of business in a wet area where beer was lawfully sold, thereby enabling her to support and keep her 15 year old daughter in school.

The trial court abused his discretion in revoking probation for the reasons assigned in his order.

The sentence cannot stand for the further reason that it is not supported by a valid judgment.

 The judgment adjudges appellant guilty of "theft over $50.00" upon a finding of the court from the evidence that appellant was guilty of receiving and concealing stolen property.

The order revoking probation and pronouncing sentence is reversed.