Asa Lamar **WALKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57773.

Court of Criminal Appeals of Texas, Panel No. 2.

March 15, 1978.

Dick DeGuerin, Houston, for appellant.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

This is a purported appeal from an order revoking probation.

On December 4, 1973, a jury convicted appellant for sale of an obscene book. The court assessed punishment at thirty days in jail and a $1,000.00 fine. Judgment was entered accordingly. Appellant's original amended motions for new trial were subsequently overruled and sentence was pronounced on January 2, 1974. Notice of appeal was timely given and the appeal was subsequently docketed in this Court as Cause No. 50,289. On December 17, 1975, we affirmed appellant's conviction. See *Walker v. State,* 530 S.W.2d 572 (Tex.Cr. App.1975). Our mandate issued on January 5, 1976, and was filed with the clerk of the trial court the following day. After the receipt of the mandate of affirmance, the trial judge attempted to probate the 30 days' confinement in jail which had been imposed in 1973. Subsequently, the trial judge revoked the probation and it is from the order revoking that probation that appellant now attempts to appeal.

Once the mandate of this Court issued on January 5, 1976, affirming appellant's conviction, the trial court only acquired jurisdiction to see that the judgment of this Court was carried out. *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr.App. 1974). It did not have jurisdiction to suspend the execution of the sentence and place appellant on probation. *State ex rel. Vance v. Hatten,* supra. Consequently the order which sought to place appellant on probation was a nullity.

The order granting probation is set aside. It is further ordered and directed that the trial court issue a capias for appellant's arrest and to perform the ministerial act of carrying out the mandate of this Court which issued on January 5, 1976, unless it has already done so.

The purported appeal is dismissed.