**Lee Cedric STOVALL, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–221–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 30, 1985.

John A. Neal, Graham, for appellant.

Timothy D. Eyssen, Dist. Atty., Graham, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from an order revoking probation. On March 4, 1982, appellant pled guilty to the offense of unauthorized use of a motor vehicle and received a three-year probated sentence.

On June 14, 1984, the trial court granted the State's motion to revoke probation. The court found that the appellant violated his probation in that on April 13, 1984, the appellant was:

[F]requenting a place where alcoholic beverages are sold and consumed, to-wit: a club, Country Junction located in Graham, Young County, Texas, when the specific prohibition in the original Order Probating Sentence was that the defendant should avoid persons or places of disreputable or harmful character and including associating with convicted felons and frequenting or going about places where alcoholic beverages are sold and consumed. as [sic] set out in the Motion to Revoke Probation filed on the

May 3, 1984 which is incorporated herein as though copied verbatim. Such violations of the terms and condition of said probation occurred within the probationary term as heretofore set out in the cause.

The order revoking appellant's probation is set aside and the State's motion to revoke probation dismissed.

The facts are simple and undisputed. Graham police officer Tommy Martin was working extra hours as security at the "Country Junction" in Young County, Texas. The Country Junction was described by Officer Martin as a popular private club that sells alcoholic beverages and provides entertainment with a live band, dancing, coin operated pool tables, and game machines. Admission to the Country Junction is restricted to members and their guests.

Between the hours of 9:00 p.m. and 10:00 p.m. on April 13, 1984, Officer Martin observed appellant inside the club and then saw him exit to the parking lot. While in the parking lot, Officer Martin asked appellant what he was doing. Appellant replied that he was returning to the club. At that time appellant was carrying a can of beer. Officer Martin then stopped appellant to inform him that he was prohibited from carrying beer into the club. Appellant apologized to Martin, handed the officer the beer and returned to the club. Officer Martin poured the remaining contents of the beer can onto the parking lot and followed the appellant inside the club where appellant finished an uneventful evening.

Appellant's sole ground of error alleges that the trial court abused its discretion in revoking appellant's probation because there was insufficient evidence that appellant violated the terms of his probation.

In its motion to revoke probation, the State alleges that appellant violated two conditions of his probation in that appellant did: 1) carry on or about his person an alcoholic beverage at the Country Junction and 2) frequent a place where alcoholic beverages are sold and consumed, to-wit: the Country Junction.

The allegations correspond to the third and fourth terms of the order granting probation wherein appellant was ordered to:

(3) Avoid injurious or vicious habits, (*including the use of illegal narcotics or habit forming drugs, and alcoholic beverages*); and

(4) Avoid persons or places of disreputable or harmful character (*and including associating with convicted felons, and frequenting or going about places where alcoholic beverages are sold or consumed*); [emphasis added].

The terms of probation imposed on appellant by the trial court are more restrictive than those set forth in TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 6 (Vernon Supp.1984). However, the additional limitations set forth above are permitted as long as the limitation is reasonable. *Hernandez v. State*, 556 S.W.2d 337, 342 (Tex. Crim.App.1977); *Peach v. State*, 498 S.W.2d 192, 196 (Tex.Crim.App.1973). The requirement of abstention from the use of alcoholic beverages, as was done here, has been held to be reasonable. *Chacon v. State*, 558 S.W.2d 874, 875 (Tex.Crim.App. 1977); *Flores v. State*, 513 S.W.2d 66, 69 (Tex.Crim.App.1974).

■ There is no allegation in the State's motion to revoke probation that the appellant violated his probation by "use ... alcoholic beverages", but rather it is merely alleged that appellant did "carry on or about his person an alcoholic beverage". The trial court made no finding that appellant used alcoholic beverages. We further find that the evidence shows only one episode in which appellant was found around alcoholic beverages. Even if the State had pled and proven the appellant consumed an alcoholic beverage, a single occurrence of the use of an alcoholic beverage cannot be characterized as a habit under the decisions of our Court of Criminal Appeals. *See Chacon*, 558 S.W.2d at 874; *Morales v. State*, 538 S.W.2d 629, 630 (Tex.Crim.App. 1976).

We therefore find that the evidence is insufficient to support the revocation of appellant's probation based on the third condition of his probation. We must, however, consider the evidence concerning the violation of the fourth term of probation, since, should one ground for revocation be proven, it is sufficient to revoke probation. *See Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App.1978).

▮ Under the fourth term of his probation, appellant was ordered to avoid persons or places of disreputable or harmful character (including ... frequenting or going about places where alcoholic beverages are sold or consumed). It is undisputed that alcoholic beverages were sold and consumed at the Country Junction.

Appellant, in his brief, argues that the term "frequent" as used in the terms and conditions of probation would mean more than one occurrence. Like the preceding condition involving the use of the word "habit", "frequent" would require a showing of something more than a single occurrence.

Webster's *Third New International Dictionary*, unabridged, 1981, defines "frequent" in terms of both an adjective and a verb. As a verb, the definitions of "frequent" include "to visit regularly or frequently, to resort to often or habitually, or to use, practice ... or partake of frequently." *Id.* at 909.

Other references also define "frequent" in terms of an event that happens more than one time or more than a single occurrence. Here there is no evidence that appellant did anything but leave the Country Junction then return from the parking lot a few minutes later. Likewise, to "go about" is defined as "to pass from one place to another" or to "go here and there". *Id.* at 972. This would again imply that a probationer would have to visit more than one liquor establishment to constitute "going about" as set forth in the order of probation.

We agree with the argument of the appellant that the State failed to meet its burden of proof when the only evidence appellant "frequented" this club was this single episode. This is insufficient to revoke probation when the State has alleged appellant frequented a place where alcoholic beverages are sold and consumed.

In addition, we fail to find from the evidence that the "Country Junction" is a place of disreputable or harmful character. There is nothing in the record to reflect that the Country Junction had been judicially declared to be a place of disreputable and harmful character. The State's only witness, an off-duty police officer, was employed by management to insure that State law is complied with, including liquor regulations.

We find that such a strict interpretation of this term of probation would prohibit a person from going into grocery stores or restaurants where some beer or liquor would be sold. Such an interpretation, in our opinion, is too restrictive.

One of the few cases involving this condition and its relationship to liquor establishments is *Whitt v. State*, 395 S.W.2d 39 (Tex.Crim.App.1965). In *Whitt*, the court held that an establishment that sells alcoholic beverages is not disreputable or a place of harmful character when it is a reputable place of business in an area where beer is lawfully sold. We conclude that the court abused its discretion in revoking appellant's probation.

The order revoking probation is set aside and the State's motion to revoke probation dismissed.