**Steve Roy ATCHISON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–018–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1986.

Neal, Richie & Hill and Boyd L. Richie, Graham, for appellant.

Stanley Curbo, Graham, for State.

Before HOPKINS, FARRIS and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

HUGHES, Justice (Retired, Sitting by Assignment).

This is an appeal from an order revoking appellant's probation. On January 6, 1983, appellant pled guilty to the offense of possession of marijuana and was given a three-year probated sentence. On December 17, 1985, the State filed its motion to revoke probation. After a hearing on the State's motion, the court found that appellant had violated probation condition number four, and revoked his probation.

The order revoking appellant's probation is set aside and the State's motion to revoke is dismissed.

In his sole ground of error, appellant alleges the trial court erred in revoking his probation in finding that he had violated probation condition number four as alleged in the State's motion to revoke probation. We agree.

Appellant's probation condition number four ordered him to "[a]void persons or places of disreputable or harmful character (and including associating with convicted felons, and frequenting or going about places where alcoholic beverages are sold or consumed.)" The State's motion to revoke probation alleged that appellant did "not avoid going about places where alcoholic beverages are sold or consumed on or about the 9th day of December, 1985 in Stephens County, Texas, to-wit: Ivan Bar."

■ The burden of proof in a revocation proceeding is by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App.1981). Where the sufficiency of the evidence to support the trial court's order is challenged, the evidence is viewed in a light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App.1980).

■ Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App.), *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984).

Two witnesses testified for the State at the revocation hearing—Ed Shields, Sheriff of Young County, and Jolene Fondy, the waitress on duty on the night in question. Shields' testimony reflected that around 3:30 p.m. on the afternoon of December 9, 1985, he entered an establishment in Ivan, Texas. Inside, he observed appellant sitting at a table with three other people. Several bottles of beer were on the table, but Shields could not see whether any of the bottles were directly in front of appellant. Shields was in the establishment for half a minute, just long enough to recognize appellant, whom he knew to be on probation (and under what conditions). Shields testified that he knew the establishment, Ivan Bar, served alcoholic beverages on the premises. He testified there was a grocery store across the street from Ivan Bar that sold gas, cigarettes and beer. Shields admitted under cross-examination that, since these were the only two establishments in town, he did not know of any way a person in Ivan, Texas, could eat, get a cup of coffee, buy cigarettes, or get gas, without patronizing a place that sold beer. Shields testified that Ivan was located about half-way between Breckenridge and

Graham; twelve to fifteen miles either direction.

Jolene Fondy testified that she was an employee of Lee's Barbeque, an establishment also known as Ivan Bar. On December 9, 1985, she observed appellant, a known customer, come in sometime between 10:00 a.m. and 2:00 p.m. Fondy testified appellant remained there until approximately ten to fifteen minutes after the sheriff had come and gone that afternoon. Fondy testified that while appellant was there, she served him coffee, and that appellant was there for the purpose of meeting a man to discuss hauling some wood for him. Fondy described Lee's Barbeque as a gathering spot for the Ivan community, where families ate and people conducted business. She corroborated Shield's testimony that there was no place in Ivan, Texas, that did not sell beer. Fondy testified that a cup of coffee was in front of appellant when the sheriff came in.

In a recent case this court considered the same probation condition alleged to have been violated by appellant in the instant case. In *Stovall v. State*, 683 S.W.2d 891 (Tex.App.—Fort Worth 1985, pet. ref'd), we reversed the court's order revoking probation, and held the evidence was insufficient to establish the defendant had visited more than one liquor establishment, and the establishment in question was a place of disreputable or harmful character. *Id.*, at 893. The facts there showed a police officer observed the defendant between 9:00 p.m. and 10:00 p.m. in a private club that sold alcoholic beverages and provided entertainment. *Id.*, at 892. Later, the officer saw the defendant exit the club with a beer can in his hand. *Id.* After the officer told the defendant he could not enter the club with the beer, the defendant handed him the beer can and re-entered the club, where he finished an uneventful evening. *Id.* The trial court found appellant violated the conditions of his probation by "frequenting a place where alcoholic beverages are sold and consumed...." *Id.*, at 891. We stated there:

We find that such a strict interpretation of this term of probation would prohibit a person from going into grocery stores or restaurants where some beer or liquor would be sold. Such an interpretation, in our opinion, is too restrictive. *Id.*, at 893.

■ Such an overly-strict interpretation of this probation condition would result in the case at hand if we were to affirm appellant's probation revocation. The undisputed facts showed one could not get gas, buy cigarettes, eat, or get a cup of coffee in Ivan, Texas without patronizing an establishment where beer was sold or consumed. The State's motion to revoke appellant's probation alleged only one visit to a place where alcoholic beverages were sold or consumed. Under *Stovall*, to "go about" a place, as was alleged here, implies that a probationer would have to visit more than one liquor establishment. *Id.* Further, there was no showing here that Ivan Bar was a place of disreputable or harmful character. Ivan Bar, also known as Lee's Barbeque, sold barbeque lunches as well as alcoholic beverages. Families and members of the business community used it as a central gathering spot. Appellant was there on the day in question, in the middle of the afternoon, drinking coffee, in order to meet with someone about business.

We hold the trial court abused its discretion in revoking appellant's probation. The State did not meet its burden of showing by a preponderance of the evidence that appellant failed to avoid "going about" Ivan Bar, as only one visit was pled and proven, and Ivan Bar was not shown to be a place of harmful or disreputable character. Appellant's sole ground of error is sustained.

The order revoking probation is set aside and the State's motion to revoke probation is dismissed.