

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 14, 1996

The Honorable George W. Bush
Governor of Texas
P.O. Box 12428
Austin, Texas 78711

Opinion No. DM-393

Re: Whether a pardonable conviction exists after the completion of "regular" or "shock" community supervision under Code of Criminal Procedure article 42.12, section 20 (RQ-860)

Dear Governor Bush:

You ask us two questions about section 20 of article 42.12 of the Code of Criminal Procedure. Subsection (a) of section 20 grants the judge "the discretionary power to set aside [the defendant's] conviction and restore his civil rights." *Shepherd v. Trevino*, 575 F.2d 1110, 1115 (5th Cir. 1978) (reviewing constitutionality of predecessor of subsection (a)), *cert. denied*, 439 U.S. 1129 (1979). Subsection (a) provides:

> At any time, after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, *the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty*, except that:

>> (1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense; and

>> (2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the

> defendant previously has received community supervision under this article in issuing, renewing, denying, or revoking a license under that chapter. [Emphasis added.]

Section 20 "does not apply to a defendant convicted of an offense under Sections 49.04-49.08 [(driving, flying, or boating while intoxicated; intoxication assault or manslaughter; or an enhanced offense)], Penal Code, or a defendant convicted of an offense punishable as a state jail felony." Code Crim. Proc. art. 42.12, § 20(b).

Limiting your question to a person who has been on "regular" community supervision under section 3 or 4 of article 42.12 or on "shock" community supervision under section 6 of that article, you ask whether such a person is eligible for a pardon[1] after the judge who discharged the person pursuant to section 20 also granted the relief that is emphasized above. We believe such a person is not eligible for a pardon.

Once the judge has set aside the verdict or permitted the defendant to withdraw her guilty plea and has dismissed the charging instrument, subsection (a) of section 20 operates to release the defendant from "all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty." Code Crim. Proc. art. 42.12 § 20(a). Subsection (a) provides, however, that the defendant's conviction or guilty plea shall be considered in assessing the penal consequences of a subsequent offense and in determining whether the defendant should be issued a license to operate a child-care or child-placing agency or whether such a license should be renewed or revoked, see Hum. Res. Code ch. 42.

These provisions in subsection (a) are similar to those in section 5(c)[2] of article 42.12, which we described in Attorney General Opinion DM-349 as follows:

> Subsection (c) . . . provide[s in part] that, generally, "[a] dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense," but that the defendant's prior receipt of deferred adjudication community supervision may be considered in the punishment phase of a prosecution for a subsequent offense or in the process of determining whether to issue, renew, deny, or revoke either of the following: a license to operate a child-care facility or child-placing agency or a

---

[1]We assume you inquire only about a pardon that is not based on a finding of actual innocence, and we limit this opinion accordingly.

[2]Section 5 provides for deferred adjudication community supervision.

> license or registration to provide rehabilitative mental health or
> medical services to sex offenders.

Attorney General Opinion DM-349 (1995) at 3 (quoting Code Crim. Proc. art. 42.12, § 5(c)(1)) (citations omitted). We reasoned that the provisions in section 5(c) relating to subsequent prosecutions and licensing matters do not "constitute continuing penalties or disabilities" but rather "are merely limited grants of authority to consider the fact of the defendant's prior guilt when that guilt is relevant to the defendant's character." *Id.* at 6. There we also noted that a governor's pardon, when not based on the governor's finding that the defendant is actually innocent of the offense, "may reach only the punishments, penalties, disabilities, and disqualifications that the law would attach to the pardoned conviction" and that such a pardon "neither affects the penal consequences of any subsequent offenses nor restores a person's reputation or good character." *Id.* at 5. We concluded:

> [T]o the extent that the law permits the fact of a prior conviction to be considered (1) in assessing the penal consequences of a subsequent offense or (2) in determining whether the person possesses the good character required for licensing in a position of responsibility and trust, the governor has no power to intervene by granting such a pardon.

*Id.* The reasoning of Attorney General Opinion DM-349 applies here as well.

In your request letter you describe a situation involving an applicant for a pardon who had been convicted of delivery of a controlled substance and who was discharged from "shock" probation in 1984. The applicant submitted a copy of a document captioned "Certification of Proceedings," which bears the signatures of the presiding judge of Criminal District Court No. 4 of Tarrant County and a deputy district clerk of that county and which contains after the word "Proceedings" the following notation: "Probation Set Aside and Dismissed on 3-15-84." You note the ambiguity of the notation: "Set Aside" and "Dismissed" appear to modify "Probation," but the writer could have intended the notation as an elliptical way of indicating that *the verdict* was "Set Aside" and *the charging instrument* was "Dismissed," that is, that the court granted the relief authorized in section 20(a). The document contains no further information, and we understand that your office has no other information, concerning the final disposition of that prosecution. You apparently assume that the document is a copy of the very entry of the court's order that finally disposed of the prosecution. Based on that assumption, you ask: "[I]f the Governor or the Board [of Pardons and Paroles] determines that the order is so ambiguous that the Court's intention cannot be determined, has the court lost its jurisdiction to clarify its intention by some modified order?"

We suspect the above-described "Certification of Proceedings" is not in fact the very entry of the court's disposition of the case in question. The accuracy of the language of the certification is questionable; we have found no precedent for a proceeding that

results in both "setting aside" and "dismissing" an order of probation.[3] It may be that the presiding judge actually signed a separate order that more clearly indicates the specific final disposition of that case. If there is such an order, then the pardon applicant should be required to submit a copy of that order for review if the Board of Pardons and Paroles or the governor cannot determine, based on the present record, whether the judge ordered the relief necessary under section 20(a) to release the defendant from all penalties and disabilities.

If the above-described "Certification of Proceedings" is in fact the written entry of the court's disposition of the case in question and if by clerical error it does not correctly reflect the actual disposition rendered by the court, then we believe the court would have the inherent power to enter an order *nunc pro tunc* correcting the disposition entry. *See, e.g., Johnston v. State*, 323 S.W.2d 449, 451 (Tex. Crim. App. 1959); *Ex parte Hannen*, 228 S.W.2d 864, 866 (Tex. Crim. App. 1950).

## S U M M A R Y

A person who has been on "regular" or "shock" community supervision is not eligible for a governor's pardon after a judge discharges the person pursuant to section 20 of Code of Criminal Procedure article 42.12 and, in so doing, also restores the person's civil rights by setting aside the conviction and dismissing the charging instrument.

A court has the inherent power to enter an order *nunc pro tunc* correcting the written entry of the court's disposition of a case if by clerical error the entry does not correctly reflect the actual disposition rendered by the court.

Yours very truly,

DAN MORALES
Attorney General of Texas

---

[3]In a search of a computer data base of Texas case law we found several reported cases in which the court *set aside* an *order revoking probation*. *See, e.g., Carr v. State*, 745 S.W.2d 51 (Tex. App.–Houston [1st Dist.] 1987, no writ); *Atchison v. State*, 716 S.W.2d 185 (Tex. App.–Fort Worth 1986, no writ). In other cases the court *set aside* for voidness an *order granting probation*. *See, e.g., State v. Curry*, 599 S.W.2d 630 (Tex. Crim. App. 1980); *Walker v. State*, 562 S.W.2d 864 (Tex. Crim. App. [Panel Op.] 1978). In still other cases the court *dismissed* a *motion to revoke probation*. *See, e.g., Friedl v. State*, 773 S.W.2d 72 (Tex. App.–Houston [1st Dist.] 1989, no writ); *Stovall v. State*, 683 S.W.2d 891 (Tex. App.–Fort Worth 1985, writ ref'd). We found no case, however, where the court both set aside and dismissed an order of probation.

p. 2158

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General