# NO. 12-09-00405-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: HENRY J. PETTIGREW,* *RELATOR* | § § § | *ORIGINAL PROCEEDING* |

---

## *MEMORANDUM OPINION*

Relator, Henry J. Pettigrew, was convicted of murder and sentenced to ninety-nine years of imprisonment. The judgment was signed on November 8, 1990, and affirmed by this court on March 31, 1994. *See Pettigrew v. State*, No. 12–90–00338–CR (Tex. App.—Tyler Mar. 31, 1994, pet. ref'd) (not designated for publication). The mandate was issued on November 23, 1994. On July 30, 2009, Relator filed his (1) Motion For Correction Of A[n] Incomplete and Inaccurate Reporter's Record To Include A Complete Transcription Of All Testimony Of Witnesses At Pre–Trial Hearing; (2) Motion Requesting For Setting Of Hearing Date And Order; (3) Request For A Bench Warrant; and (4) Motion for New Trial. These motions pertain to Relator's appeal from his 1990 conviction. On September 9, 2009, the trial court signed a written order denying each of the motions.

### DISCUSSION

In this original mandamus proceeding, Relator appears pro se and challenges the trial court's September 9, 2009 orders. However, mandamus relief is authorized only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).

**Reporter's Record**.

Relator asserts that the reporter's record filed in the appeal of his 1990 conviction did not include the testimony of three witnesses who testified at a pretrial hearing. In an attempt to remedy the omission, Relator filed a motion on July 30, 2009 requesting the

trial court to order the correction of the "incomplete and inaccurate" reporter's record. He also filed a motion requesting a hearing. The trial court denied Relator's motions. In this proceeding, Relator claims that the trial court abused its discretion by denying the motions.

When, as here, a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). The trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting or determining entitlement to DNA testing. *Id.* No such action was involved here. Therefore, the trial court was without jurisdiction to consider Relator's motions. *See id.* Consequently, the court had no ministerial duty to grant Relator's motions. Relator contends to the contrary, arguing that according to Texas Rule of Appellate Procedure 34.6, the trial court had a ministerial duty to grant the relief he requested. *See* TEX. R. APP. P. 34.6(e)(2) (requiring the trial court to settle a dispute concerning inaccuracies in the reporter's record when parties cannot agree on whether or how to correct). We disagree.

The reporter's record is part of the appellate record. *See* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and, if necessary to appeal, the reporter's record). In criminal cases, the appellate record must be filed in the appellate court within sixty days after the date sentence is imposed or suspended in open court or within one hundred twenty days of such date if a timely motion for new trial is filed. TEX. R. APP. P. 35.2(a), (b). The reporter's record may be supplemented after it is filed if anything relevant is omitted from it, and may be corrected either before or after it is filed in the appellate court. TEX. R. APP. P. 34.6(d), (e). Moreover, the appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault. TEX. R. APP. P. 35.3(c). But the supplemental record must be filed within the appellate court's plenary power. *See Banda v. State*, Nos. 05-06-00370-CR, 05-06-00371-CR, 05-06-00372-CR, 05-06-00373-CR, 05-06-00374-CR, 2007 WL 2004920, at *2 (Tex. App.–Dallas 2007, pet. ref'd) (mem. op., not designated for publication); *see also* TEX. R. APP. P. 19.1 (appellate court retains jurisdiction over its judgments for sixty days after judgment if no timely motion to extend time or for rehearing is pending and for thirty days after it overrules all such timely motions).

Here, approximately fifteen years after this court affirmed the trial court's November 8, 1990 judgment of conviction, Relator sought to supplement the reporter's record in the appeal. But we no longer have plenary power over our March 31, 1994 judgment in the appeal. *See* TEX. R. APP. P. 19.1. Because we no longer have plenary power over our judgment in the appeal, the appellate record can no longer be supplemented. *See Banda*, 2007 WL 2004920, at \*2.[1] Therefore, even if the trial court had jurisdiction to consider Relator's motions, it did not have a ministerial duty to grant them.

**<u>Motion for New Trial</u>**.

Relator next contends that the trial court abused its discretion by denying his motion for new trial, failing to hold an evidentiary hearing on the motion, and denying his motion for a bench warrant to allow him to be present at the requested evidentiary hearing.

A defendant in a criminal case may file a motion for new trial before, but no later than thirty days after, the date the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). The trial court does not have jurisdiction to entertain an untimely motion for new trial. *See Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987). In the instant case, Relator filed his motion for new trial almost nineteen years after the trial court imposed his sentence. Therefore, his motion for new trial was untimely, and the trial court had no jurisdiction to consider it. *See Drew*, 743 S.W.2d at 223; TEX. R. APP. P. 21.4(a). As such, the trial court had no ministerial duty to grant Relator's motion for new trial or to hold a hearing on the motion.[2] *See Drew*, 743 S.W.2d at 223; *see also Patrick*, 86 S.W.3d at 594. Similarly, the trial court had no jurisdiction, and therefore no ministerial duty, to grant Relator's motion for bench warrant. *See Patrick*, 86 S.W.3d at 594.

---

[1] As an aside, we note that the trial court may resolve disputes about the accuracy of a reporter's record that has been filed in the appellate court only if the appellate court submits the dispute to the trial court for resolution. *See* TEX. R. APP. P. 34.6(e)(3).

[2] We recognize that when the court lacks jurisdiction, any action it takes on a matter is void and should be regarded as if it never happened. *See Hagens v. State*, 979 S.W.2d 788, 791 (Tex. App.-Houston [14th Dist.] 1998, no pet.).

## CONCLUSION

Relator has not shown that the trial court had a ministerial duty to grant his (1) Motion For Correction Of A[n] Incomplete and Inaccurate Reporter's Record To Include A Complete Transcription Of All Testimony Of Witnesses At Pre–Trial Hearing; (2) Motion Requesting For Setting Of Hearing Date And Order; (3) Request For A Bench Warrant; and (4) Motion for New Trial. Thus, he cannot establish that he is entitled to mandamus relief. Accordingly, Relator's petition for writ of mandamus is ***denied***.

    BRIAN HOYLE
Justice

Opinion delivered December 16, 2009.
*Panel consisted of Worthen, C.J.,  and Hoyle, J.*
*Griffith, J., not participating.*

(PUBLISH)

4