**DISMISSED and Opinion Filed February 2, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01611-CR

### JAY SANDON COOPER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 0058775209**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

In 2010, Jay Sandon Cooper was convicted of violating a city ordinance and was assessed a ten-dollar fine. This Court affirmed the conviction. *See Cooper v. State*, No. 05-10-01004-CR, 2012 WL 3631237 (Tex. App.—Dallas Aug. 24, 2012, pet. ref'd). The Court issued its mandate on August 19, 2013. After the mandate issued, appellant filed in the trial court a motion for new trial and a "motion to reconsider," both of which the trial court denied. On September 20, 2013, the trial court entered a new judgment purporting to convict appellant of the offense and ordering him to pay a ten-dollar fine and court costs. Appellant then filed a notice of appeal covering the 2010 judgment, the new 2013 judgment, and the trial court's orders denying a 2010 motion for new trial and the 2013 motions for new trial and to reconsider. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the State's motion and dismiss the appeal.

This Court has already adjudicated appellant's direct appeal and the mandate has issued. Appellant is not entitled to a second appeal of his conviction. *See McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—Amarillo 2013, pet. ref'd). Thus, we have no jurisdiction to review the 2010 judgment and order denying a new trial.

Moreover, the trial court did not have jurisdiction to entertain appellant's 2013 motions for new trial and to reconsider nor to issue a new judgment of conviction. "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. The trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute…" *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). The trial court's limited jurisdiction does not extend to executing a new judgment or entertaining an untimely motion for new trial. *See* TEX. R. APP. P. 21.4(a) (limiting time to file motion for new trial); *Dallas County v. Sweitzer*, 971 S.W.2d 629, 631 (Tex. App.—Dallas 1998, no pet.) (holding trial court had no jurisdiction to issue new judgment after mandate); *In re Pettigrew*, 301 S.W.3d 920, 922–23 (Tex. App.—Tyler 2009, orig. proceeding) (holding trial court had no jurisdiction to rule on motion for new trial filed after mandate issued). *See also Walker v. State*, 562 S.W.2d 864, 865 (Tex. Crim. App. [Panel Op.] 1978) (concluding trial court did not have jurisdiction after mandate issued to suspend execution of sentence and place defendant on probation).

We declare void the trial court's judgment entered on September 20, 2013. We grant the State's motion to dismiss and we dismiss the appeal.

Do Not Publish
TEX. R. APP. P. 47
131611F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAY SANDON COOPER, Appellant

No. 05-13-01611-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Collin County, Texas
Trial Court Cause No. 0058775209.
Opinion delivered by Chief Justice Wright.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment entered on September 20, 2013 is **DECLARED VOID**. The appeal is **DISMISSED**.

Judgment entered February 2, 2015.