**DENIED and Opinion Filed April 8, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00051-CV**

**IN RE JEROME JOHNSON, Relator**

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Jerome Johnson has petitioned the Court for a writ of mandamus to compel the trial court to order the court reporter to supplement the reporter's record from his 2003 appeal to include a record of the examining trial. We deny relief.

To establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or

sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Relator has filed several documents as exhibits to his petition. Although two of relator's documents are file stamped by the district clerk, none of his documents are certified copies as required by rule 52.

In an apparent effort to authenticate the documents as sworn copies, relator has submitted a statement he styles as an affidavit. Relator's statement, however, is not sworn to before a notary and does not bear a notary's seal of office; thus the statement does not constitute an affidavit under Texas law. *See* TEX. GOV'T CODE ANN. § 312.011(1) (affidavit is "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.").

In lieu of an affidavit, an inmate may also authenticate documents with an unsworn declaration that meets the criteria set out in the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c), (e) (describing requirements for unsworn declaration by inmate). However, relator's statement does

not qualify as an unsworn declaration sufficient to authenticate the documents. Relator's statement does not represent it was made under penalty of perjury and it does not include the jurat required to establish it as an unsworn declaration by an inmate. *See id*. Without proper authentication, relator's documents do not provide a basis for mandamus relief. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.— Dallas 2008, orig. proceeding).

Finally, even if relator filed a new petition with an authenticated supporting record, he would not be entitled to relief. Our records show relator was convicted of sexual assault and sentenced to serve forty-two years in prison for the offense. This Court affirmed his conviction in 2005. *See Johnson v. State*, No. 05-03-01058-CR, 2005 WL 647516 (Tex. App.—Dallas Mar. 22, 2005, pet. ref'd) (not designated for publication). Because relator did not file a timely motion for rehearing, our plenary jurisdiction over relator's appeal ended sixty days after the Court issued its judgment. *See* TEX. R. APP. P. 19.1. Our Court issued its mandate in the appeal on December 28, 2005. Our plenary jurisdiction over the appeal ended

Relator's direct appeal has long been adjudicated, and any motions to supplement the record for his appeal are moot and beyond the trial court's jurisdiction to consider. *See Banda v. State*, No. 05-06-00370-CR, 2007 WL 2004920, at *2 (Tex. App.—Dallas July 12, 2007, pet. ref'd) (op. on reconsideration, not designated for publication) (supplemental record timely if filed within appellate court's period of plenary jurisdiction over appeal). The trial court's jurisdiction at

this point is limited to certain matters such as ensuring that a higher court's mandate is carried out, fact finding on habeas applications, and determining whether a convicted person is entitled to post-conviction DNA testing. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality op.).

Without a basis to assert jurisdiction over a matter that is now moot, the trial court does not have a ministerial duty to act on relator's motion to supplement the record. *See In re Pettigrew*, 301 S.W.3d 920, 921–22 (Tex. App.—Tyler 2009, orig. proceeding) (mem. op.) (trial court has no jurisdiction and thus no ministerial duty to grant motion to supplement record with testimony from pretrial hearing where motion filed fifteen years after appeal was adjudicated); *see also In re Holland*, No. 05-21-00435-CV, 2021 WL 4189954, at *1 (Tex. App.—Dallas Sept. 15, 2021, orig. proceeding) (mem. op.) (no showing of right to mandamus relief for failure to rule on pending motion where trial court lacks jurisdiction to rule on motion).

Because relator's petition is not supported by a proper record and there is no showing he is entitled to relief, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

220051F.P05

–4–