**Richard MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52689.**

Court of Criminal Appeals of Texas.

July 14, 1976.

John L. Lesly, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant entered a plea of guilty before the court to possessing more than four ounces of marihuana on September 30, 1974. Punishment was assessed at three years and a fine of $250.00. Imposition of sentence was suspended and appellant was placed on probation.

The State filed a motion to revoke appellant's probation on November 17, 1975, alleging that appellant violated condition "number two (2)" of his probation "when on November 2, 1975 probationer was found to have drank [sic] intoxicating beverages."

Condition No. 2 of appellant's probated sentence provided:

"Avoid injurious or vicious habits, such as drinking intoxicating beverages, gambling, etc."

The record reflects that after a hearing on January 20, 1976, the court entered an order revoking appellant's probation in which the court made the following finding:

"That on or about the 2nd day of November, A.D. 1975, in Moore County in the State of Texas, Richard Morales did then

and there unlawfully and willfully violate Article number two (2) of his probated sentence as set out by this Court when on November 2, 1975, probationer was found to have drank [sic] intoxicating beverages."

Appellant contends there is insufficient evidence to support the court's finding in revoking appellant's probation.

David Hawkins, an officer with the Dumas Police Department since April, 1974, testified that it was his opinion that appellant drank intoxicating beverages on November 2, 1975. On cross-examination, Hawkins testified that he "felt like" appellant was intoxicated when he came to the jail on November 2, 1975, to see about getting a person out of jail on bond. In response to appellant's question, "Did he stagger when he walked?" Hawkins answered, "No, sir, he was louder than usual." On recross-examination, Hawkins answered in the affirmative to the question, "You did not see the gentleman [appellant] drink intoxicating liquor, the only thing you have testified here today is you smelled alcohol and, too, he was louder than usual and on these two factors you base this opinion he was drunk?" The only other testimony relative to appellant drinking was appellant's denial that he had anything to drink on the day in question.

The condition of probation appellant was found to have violated required that he "avoid injurious or vicious habits, such as drinking intoxicating beverages."

The testimony of officer Hawkins that he concluded that appellant was intoxicated on November 2, 1975, because he smelled alcohol and appellant was louder than usual does not support a finding for violation of the condition of probation that appellant "avoid injurious or vicious habits." A single act of drinking cannot be characterized as a habit. See *Campbell v. State*, Tex.Cr. App., 456 S.W.2d 918.

We conclude that the court abused its discretion in revoking appellant's probation.

The order revoking probation is reversed.

Opinion approved by the Court.