Charles Elliott **BECKWORTH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54580.

Court of Criminal Appeals of Texas.

June 1, 1977.

G. Stanley Rentz, Waco, for appellant.

Felipe Reyna, Crim. Dist. Atty., Randall Lee Rogers, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation.

On May 5, 1975, appellant pled guilty before the court to the offense of driving while intoxicated. His punishment was assessed at 30 days' confinement and a $500.00 fine, with appellant being placed on probation for 12 months. Among the conditions of probation imposed was the requirement that he "Avoid injurious or vicious habits (totally avoid the use of narcotics, barbiturates, or habit forming drugs and alcoholic beverages.)"

On January 12, 1976, the State filed its motion to revoke probation alleging among other violations appellant "failed to avoid injurious and vicious habits and totally avoid the use of alcoholic beverages." On February 11, 1976, a hearing was held on the State's motion at the conclusion of which the court revoked appellant's probation, finding that he had violated his probationary term as alleged.

In his first ground of error appellant complains that the trial court committed error in revoking his probation because there was no finding that appellant indulged in injurious and vicious habits, or that his use of alcohol was injurious and a vicious habit. In challenging the sufficiency of the evidence to sustain the trial judge's order, appellant relies on *Morales v. State*, Tex.Cr.App., 538 S.W.2d 629, which he interprets as holding that mere consumption of alcoholic beverages is not sufficient to show that one was indulging in an injurious or vicious habit in such a manner as to justify revocation of probation.

The probatiotary condition involved in *Morales* required that the defendant "avoid injurious or vicious habits, such as drinking intoxicating beverages, gambling, etc." In determining the sufficiency of the evidence

to support a revocation of probation, this Court concluded that the testimony of an officer that in his opinion the defendant was intoxicated because he smelled of alcohol and was louder than usual did not support a finding for a violation of the condition of probation that the defendant "avoid injurious or vicious habits." The Court observed that a single act of drinking cannot be characterized as a habit. The probationary condition before us in the instant case is more specific than that involving *Morales*. In the instant case the probationary term which stated that appellant should not indulge in injurious or vicious habits was further defined as totally prohibiting his consumption of alcoholic beverages.

In response to the trial judge's inquiry if appellant was drinking on October 5, 1975, appellant admitted that he was. Appellant further testified that he had had four or five drinks on the night of January 8, 1976. He further admitted that he knew it was a violation of his probationary conditions to consume alcoholic beverages.

In addition to appellant's testimony, Officer Sidney Radcliffe of the Bellmead Police Department testified that he arrested appellant on January 8, 1976, for public intoxication. It was Officer Radcliffe's opinion that appellant was highly intoxicated at that time. Radcliffe testified that appellant's coordination was impaired, appellant staggered when he walked, appellant's speech was thick-tongued and slurred, and that appellant's eyes were bloodshot. Radcliffe further testified that this arrest took place at 1:30 a. m. and that appellant was standing on the porch of a private residence and appeared to be banging on the door.

Officer George Markum of the Waco Police Department testified that he arrested appellant for public intoxication on January 9, 1976, in the Sul Ross Recreation Center. Officer Markum concluded that appellant was intoxicated because his clothes were disarranged, his eyes were a little bloodshot, his breath smelled strongly of alcohol, and his tongue was thick and he was hard to understand. Markum further testified that he observed a half-full whiskey bottle

in a brown bag in the front seat of appellant's car. He also observed a cold Coke can which smelled like alcohol.

Appellant's arrest in Bellmead on January 8, 1976, and his arrest in Waco on January 9, 1976, were both the result of the police officers' observations once they had been called to the scene by Lillian Thornton, appellant's former girlfriend.

■ Appellant's admission that he had consumed and possessed alcoholic beverages on more than one occasion and had on January 8, 1976, consumed four or five alcoholic drinks, together with the testimony of arresting officers on two different occasions, was sufficient to support the trial judge's findings that on or about January 8, 1976, appellant consumed alcoholic beverages against the terms and conditions of his probation.

In appellant's second ground of error he also contends that the trial court abused its discretion in revoking appellant's probation for drinking four or five alcoholic beverages. Appellant argues that the only time he had problems with alcohol while he was on probation was when he was under emotional stress. Both in his testimony at the hearing on the State's motion to revoke probation and in his brief, appellant points to the fact that he had voluntarily admitted himself to a veteran's administration hospital for treatment of some emotional and alcohol related problems. Appellant blames Lillian Thornton as "the primary instigator of all his troubles" and states that he is no longer involved with her. It is his unique contention that since he has disentangled himself from the "root of his alcohol problems it seems fundamentally unfair to revoke his probation."

■ Appellant points to *Kelly v. State*, Tex.Cr.App., 483 S.W.2d 467, for the proposition that a court may refuse to revoke probation even when there has been a technical violation of the probation terms. However, as noted in *Kelly*, "[T]he *only* question before this Court is whether the trial court abused its discretion in revoking probation." (Emphasis added.) In our dis-

cussion of appellant's first ground of error, we found that the State proved by a preponderance of the evidence that appellant violated the conditions of his probation. *Scamardo v. State*, Tex.Cr.App., 517 S.W.2d 293. There was sufficient evidence for the trial judge to conclude that the appellant had broken the contract he made with the court after appellant's guilt had been determined. Thus, the trial judge did not abuse his discretion by entering the order revoking appellant's probation.