

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00090-CR

LYNDON BART LONG, II                                                APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In three issues, appellant Lyndon Bart Long, II appeals his conviction for sexual assault of a child.[2]  We affirm.

## Background Facts

In September 2003, a grand jury indicted appellant with committing sexual assault of a child by causing her sexual organ to contact his sexual organ.  In

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.011(a)(2)(C) (West 2011).

August 2004, with the assistance of counsel, appellant waived constitutional and statutory rights, judicially confessed to that offense, and pled guilty.[3] The trial court deferred its adjudication of appellant's guilt and placed him on community supervision for an eight-year term.[4]

The conditions of appellant's community supervision required him to, among other acts, remain in Tarrant County, attend sex offender treatment, abstain from drinking alcohol, and refrain from viewing sexually explicit material. In December 2008, May 2009, July 2011, August 2011, and September 2011, the trial court supplemented the terms of appellant's community supervision, sometimes requiring his confinement for short periods in jail.[5]

In January 2012, the State filed a petition that requested the trial court to adjudicate appellant's guilt because he had violated several conditions of his community supervision. The State amended its petition in February 2012, alleging in part that appellant had left Tarrant County without permission, had drunk alcohol, and had watched a movie that contained sexually explicit material.

---

[3]Appellant was twenty-three years old at the time of his guilty plea and was less than twenty years old at the time of the offense.

[4]See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 2(2)(A), 5(a) (West Supp. 2012).

[5]The evidence indicates that appellant was incarcerated during his community supervision because he failed polygraph examinations on various topics, including, apparently, his consumption of alcohol.

Appellant pled true and judicially confessed to leaving Tarrant County and to consuming alcohol.

In the adjudication hearing, after receiving appellant's pleas and evidence from the parties, the trial court heard appellant's closing argument, in which he asked the trial court to allow him to continue on community supervision. At the conclusion of that argument, the trial court found that appellant had violated the terms of his community supervision, revoked it, adjudicated his guilt, and sentenced him to ten years' confinement. Appellant brought this appeal.

**The Propriety of the Trial Court's Adjudication Decision**

In his first issue, appellant contends that the trial court abused its discretion by adjudicating his guilt and by sentencing him to ten years' confinement because over the course of more than seven years, he mostly complied with the terms of his community supervision, and his violations of some conditions of the community supervision were "minor" and "technical."

At the hearing on the State's petition, witnesses, including appellant's probation supervision officer, testified that appellant had gone to a certain movie theater that the State considered to be a child safety zone and had watched a movie there that contained nudity;[6] had left Tarrant County once to eat at a

---

[6]Appellant's probation supervision officer testified that she had watched this movie and that it contained male and female nudity, simulated anal sex, a reference to buying children for sex, and a "monkey performing oral sex on a monk with a beer bottle under his tunic simulating oral sex." The probation supervision officer said that probationers are "taught in treatment . . . to see what is the content of a movie . . . before . . . watch[ing] it." Appellant reported to the

3

restaurant that was barely across the county line and had disclosed this fact to his probation supervision officer; had drunk alcohol multiple times during the community supervision, including when his parents separated; and had worked as a bartender. The evidence also established that appellant's probation supervision officer had considered recommending appellant's placement in an inpatient substance-abuse treatment facility but had eventually determined that she could not place him in the facility because of his score on an assessment, that appellant was a college student and was attending Alcoholics Anonymous at the time of the hearing on the State's adjudication petition, that he had paid all of his probation fees and had complied with many terms of his probation, that he had maintained employment for most of his probation, and that he had actively participated in sex offender treatment, including attending sessions of which the trial court had not required.

When appellant's counsel asked appellant's sex offender treatment provider whether appellant could continue to be a successful probationer, the provider testified,

> My opinion is that for seven years [appellant] was, you know, compliant . . . . I don't know that the problem of drinking will be addressed in [prison]. It bothers me . . . that he was not honest [about drinking alcohol]. That's probably more of a concern to me than the fact he drank a beer here and a beer there.

---

probation supervision officer that he had left the theater when the movie displayed a scene with nudity.

On cross-examination, the provider expressed that she was concerned about appellant's lack of attention to following the rules of his community supervision, including his failure to investigate the content of the movie that he had watched that contained nudity.

As we have explained,

> We review an order revoking community supervision under an abuse-of-discretion standard. In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of probation, and then must prove that the defendant violated a term of probation as alleged in the motion to revoke.

*Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.) (quoting *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd)). "Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order." *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Appellant concedes that the evidence was generally sufficient to support the trial court's adjudication decision (based in part on his pleas of true to two allegations in the State's amended petition to adjudicate),[7] but he argues that

---

[7] *See Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.) ("A plea of true, standing alone, is sufficient to support revocation."). Because appellant concedes that the evidence is sufficient to support the trial court's finding that he violated at least two conditions of his community supervision, we decline to address appellant's contentions about whether the evidence establishes that he violated other conditions (including, for example, whether he failed to pay for treatment or went within 1,000 feet of a place where

under the facts of this case, the "trial court's act of sentencing [him] to ten years in prison violates the goals of community supervision in Texas, . . . and the trial court abused its discretion by not considering the many alternatives it could have utilized." Appellant contends that the trial court's abuse of discretion in his adjudication and sentencing decisions is illustrated by his assertion that the evidence was insufficient to prove four of the six allegations in the State's amended petition.

Appellant makes a reasoned argument that under the evidence presented in the revocation hearing, a court could have rationally made a decision that is different than the adjudication decision made by the trial court in this case. But as to appellant's contention that the trial court abused its discretion by revoking his community supervision and adjudicating his guilt because his violations of community supervision were "minor," precedent and persuasive authority are not on his side.

In *Beckworth v. State*, Beckworth had pled guilty to driving while intoxicated and had been placed on probation for twelve months. 551 S.W.2d 414, 415 (Tex. Crim. App. 1977). A trial court revoked the probation only on the ground that Beckworth had consumed alcohol. *Id.* On appeal, Beckworth contended that the trial court's revocation was an abuse of discretion because, in part, he had only drunk alcohol while under emotional stress and he had

children commonly gather). *See* Tex. R. App. P. 47.1; *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach*, 170 S.W.3d at 672.

voluntarily started an alcohol treatment program.  *Id.* at 416.   The court of criminal appeals disagreed, explaining,

> [Beckworth argues that] a court may refuse to revoke probation even when there has been a technical violation of the probation terms. . . .  In our discussion of appellant's first ground of error, we found that the State proved by a preponderance of the evidence that appellant violated the conditions of his probation. There was sufficient evidence for the trial judge to conclude that the appellant had broken the contract he made with the court after appellant's guilt had been determined.  Thus, the trial judge did not abuse his discretion by entering the order revoking appellant's probation.

*Id.* (citation omitted).

More recently, following *Beckworth*'s lead, several courts of appeals have concluded that a trial court does not abuse its discretion in revoking community supervision as long as there is sufficient evidence of at least one violation of it, even if the defendant considers that violation insignificant.  For example, in *Thomas v. State*, Thomas received deferred adjudication and a six-year community supervision term for burglary of a habitation, but he violated the terms of his community supervision by failing to report to his community supervision officer once and by failing to participate in community service at the designated rate of hours per month.  No. 14-10-00653-CR, 2011 WL 1709940, at *1 (Tex. App.—Houston [14th Dist.] May 3, 2011, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, 132 S. Ct. 1858 (2012).  The court of appeals affirmed the trial court's revocation of Thomas's community supervision, stating,

> The court may revoke community supervision for any violation, including "technical" violations.  "Technical" violations typically

7

include the probationer's failure to report to the probation officer, pay community supervision fees, and perform community service at the specified rate.

       The trial court . . . found that appellant had violated the conditions of his community supervision. The trial court's decision is supported by the record evidence, which includes appellant's admissions. Even if appellant's violations were "technical" violations, they were nonetheless sufficient to revoke his community supervision. The resulting seven-year prison sentence is not for appellant's violations of the conditions of his community supervision, but for the burglary offense to which appellant had previously pled guilty.

*Id.* at *2 (citations omitted); *see also Cook v. State*, No. 12-09-00201-CR, 2010 WL 5141777, at *3 (Tex. App.—Tyler Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that a defendant's failure to complete a community service requirement was sufficient to revoke his community supervision although he argued that the requirement was a "mere technicality"), *cert. denied*, 132 S. Ct. 459 (2011); *Bland v. State*, No. 11-08-00023-CR, 2008 WL 4684668, at *3 (Tex. App.—Eastland Oct. 23, 2008, no pet.) (mem. op., not designated for publication) ("While Bland characterizes [being late on paying fees and missing one reporting date] as technical violations[,] a distinction for which we find no support in the law, these violations still would authorize the trial court to revoke his community supervision."); *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.) ("Courts may revoke community supervision for a violation of any condition, including violations of any single 'technical' condition."); *Nicholas v. State*, No. 12-01-00102-CR, 2002 WL 253837, at *2 (Tex. App.—Tyler Feb. 20, 2002, no pet.) (not designated for publication) ("Every

8

condition of probation is important, and if not complied with, subjects the defendant to potential revocation."). We have not found any case in which an appellate court reversed a trial court's revocation of community supervision based solely on the rationale that a defendant's violations of a community supervision agreement with the trial court were too insignificant.

Moreover, we note that an award of community supervision is "a quasi-contractual privilege, not a right." *Applin v. State*, 341 S.W.3d 528, 533 (Tex. App.—Fort Worth 2011, no pet.); *see Bowen v. State*, 649 S.W.2d 384, 386 (Tex. App.—Fort Worth 1983, pet. ref'd) ("The court extends clemency to the probationer if he will keep and perform certain requirements and conditions, the violation of which will authorize the revocation of the probation."). A "defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable." *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000). Appellant did not at any stage in the trial court complain that the conditions imposed by the trial court, including the conditions requiring him to refrain from drinking alcohol and to stay within Tarrant County, were unreasonable or oppressive. And although, on appeal, appellant characterizes those conditions as "minor" and "technical," at the time of his plea, the trial court advised him in writing that it had the "authority . . . to [r]evoke [his] Community Supervision for *any violation* of the conditions of [his] Community Supervision." [Emphasis added.]

9

Appellant cites three Texas cases for the proposition that a trial court errs by imposing a predetermined sentence, but in each of those cases, when placing defendants on probation, the trial courts had told the defendants that if they violated the probation's terms, they would likely receive high or maximum sentences. *See Earley v. State*, 855 S.W.2d 260, 262–63 (Tex. App.—Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994); *Howard v. State*, 830 S.W.2d 785, 787–89 (Tex. App.—San Antonio 1992, pet. ref'd); *Jefferson v. State*, 803 S.W.2d 470, 471–73 (Tex. App.—Dallas 1991, pet. ref'd). In this case, we have not located evidence of any representation made by the trial court to appellant at the time of his guilty plea concerning what his punishment would be if he violated the terms of his community supervision. Likewise, we have not located other evidence indicating that the trial court predetermined its adjudication or punishment decisions before listening to the evidence at the adjudication hearing.

Although appellant contends that the trial court "did not consider any alternatives regarding Appellant other than to send [him] to prison," it is just as likely that the trial court, while listening to appellant's closing argument, considered those alternatives and rejected them. Finally, appellant did not receive a maximum sentence in this case; his conviction authorized the trial court

10

to assess twenty years' confinement, and he received ten.[8]  *See* Tex. Penal Code Ann. §§ 12.33(a), 22.011(f) (West 2011).  And appellant did not complain in the trial court about the excessiveness of his sentence, so to the extent he makes that argument in this court, he has forfeited it.  S*ee Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *see also Ortiz v. State*, No. 02-11-00481-CR, 2013 WL 362799, at *1 (Tex. App.—Fort Worth Jan. 31, 2013, no pet. h.) (mem. op., not designated for publication) (holding that an appellant forfeited his complaint about the excessiveness of his sentence following a revocation of community supervision for "technical violations" because the appellant did not object to his sentence in the trial court).

For all of these reasons, we conclude that the trial court did not abuse its discretion by revoking appellant's community supervision, adjudicating his guilt, and sentencing him to ten years' confinement based on his pleas of true and on the evidence presented in the adjudication hearing.  We overrule his first issue.

### The Constitutionality of Section 22.011(a)(2) of the Penal Code

In his second and third issues, appellant contends that section 22.011(a)(2) of the penal code is unconstitutional, as a violation of federal and state due process,[9] because it fails to require the State to prove that a defendant

---

[8]Appellant acknowledges that a sentence within the range provided by law will not generally be disturbed on appeal.  *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

[9]*See* U.S. Const. Amend V; Tex. Const. art. I, § 19.

11

knew the sexual assault victim's age when engaging in the crime and because it does not recognize an affirmative defense based on a defendant's reasonable belief that the victim was at least seventeen years old.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay*, 361 S.W.3d at 765. Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Preservation of error is a systemic requirement. *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765.

Facial and as-applied challenges to the constitutionality of statutes are forfeited when raised for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Holmes v. State*, 380 S.W.3d 307, 308–09 (Tex. App.—Fort Worth 2012, pet. ref'd); *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g). Appellant did not challenge the constitutionality of section 22.011(a)(2) in the trial court. Although he asserts that section 22.011(a)(2)'s alleged unconstitutionality makes the trial court's judgment void, the court of criminal appeals has decided that a

statute's unconstitutionality does not affect a trial court's jurisdiction and that the application of an unconstitutional statute does not make a defendant's conviction void. *See Karenev*, 281 S.W.3d at 432–34.

Appellant contends that we may review unassigned error. This is true, but unassigned error is different than unpreserved error. *See Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) ("[A]ppellate courts may review unassigned error—a claim that was preserved in the trial court but was not raised by either party on appeal."); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) ("[E]rrors that are subject to procedural default may not be remedied by the appellate court as unassigned error unless the error was in fact preserved in the trial court.").

Appellant also contends that due process rights are "fundamental" and therefore "should not be subject to the requirements of a contemporaneous objection at trial." The court of criminal appeals, however, has held otherwise. *See, e.g., Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).[10] We may not disregard the court of criminal appeals's precedent. *Wilson v. State*, 108 S.W.3d 328, 332 (Tex. App.—Fort Worth 2003, pet. ref'd).

---

[10]Appellant relies in part on the court of criminal appeals's decision in *Almanza v. State* to argue that we may review his unpreserved error. 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (establishing that when no objection is made to jury charge error, we may reverse a conviction if the defendant suffered egregious harm). But we have held that *Almanza* does not apply to constitutional challenges to statutes. *See Shafer v. State*, No. 02-10-00496-CR, 2012 WL 745422, at *1 (Tex. App.—Fort Worth Mar. 8, 2012, pet. ref'd) (citing *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995)).

13

Next, appellant asks us to review his issues in the interests of justice. The court of criminal appeals has instructed us that we should not address the merits of an issue that has not been preserved for appeal. *Wilson*, 311 S.W.3d at 473; *see Clay*, 361 S.W.3d at 765. We note, however, that in a case that involved issues that were similar to the arguments raised by appellant in this case, we upheld the constitutionality of section 22.021 of the penal code, which is the aggravated sexual assault statute. *See Fleming v. State*, 376 S.W.3d 854, 862 (Tex. App.—Fort Worth 2012, pet. granted); *see also* Tex. Penal Code Ann. § 22.021 (West Supp. 2012).

Ultimately, appellant concedes that he did not preserve his constitutional complaints for appellate review, and we agree. Accordingly, we hold that appellant forfeited the complaints raised in his second and third issues, and we overrule those issues. *See* Tex. R. App. P. 33.1(a); *Ibenyenwa*, 367 S.W.3d at 422–23.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 4, 2013