PD-0449-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/18/2015 8:22:28 AM
Accepted 5/19/2015 3:51:59 PM
ABEL ACOSTA
CLERK

PD-0449-15

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**TIMOTHY WADE BESSARD**
*Petitioner,*

**VS.**

**THE STATE OF TEXAS**
*Respondent*

_____

Petition in Cause No. 1221855 from the
184th District Court of Harris County, Texas and
the Court of Appeals for the
14TH District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**
_____

FILED IN
COURT OF CRIMINAL APPEALS

May 19, 2015

ABEL ACOSTA, CLERK

DENA FISHER
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
TEL: 713-222-2201
FAX: 713-224-2815
fisherlawoffice@me.com
SBOT # 24034440

ATTORNEY FOR PETITIONER

## IDENTITY OF PARTIES AND COUNSEL

| | | |
|---|---|---|
| Petitioner: | | Wade Timothy Bessard |
| Counsel for Appellant: | *at trial* | Michael Fosher<br>TBN 07280300<br>440 Louisiana, Suite 1200<br>Houston, TX   77002 |
| | *on appeal* | Dena Fisher<br>TBN 24034440<br>440 Louisiana, Suite 200<br>Houston, TX   77002 |
| Counsel for Appellee: | *at trial* | Ryan Volkmer<br>Assistant District Attorney<br>Harris County, Texas<br>TBN 24084026 |
| | *on appeal* | Alan Curry<br>Assistant District Attorney<br>TBN 05263700<br>Harris County District Atty's Office<br>1201 Franklin, Suite 600<br>Houston, TX   77002 |
| Trial Court Judge: | | The Honorable Jan Krocker<br>184th District Court<br>Harris County, Texas |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................ii

TABLE OF CONTENTS ..................................................................................iii

TABLE OF AUTHORITIES.................................................................................v

STATEMENT REGARDING ORAL ARGUMENT .......................................................... 1

STATEMENT OF THE CASE ................................................................................ 1

ISSUES PRESENTED .....................................................**Error! Bookmark not defined.**

    POINT OF ERROR ONE ..........................................**Error! Bookmark not defined.**

        The evidence regarding Appellant's failure to pay fees was insufficient to prove a violation of probation as the Appellant was indigent and the State did not put on any evidence that the Appellant had the ability to pay and willfully chose not to........................................................................................ 2

    POINT OF ERROR TWO ..........................................**Error! Bookmark not defined.**

        The evidence regarding Appellant's failure to provide written proof of employment was insufficient as there was conflicting testimony about what was required of Appellant. ...................................................................... 2

POINT OF ERROR THREE ...........................................**Error! Bookmark not defined.**

        The evidence regarding the Appellant's failure to refrain from vicious habits was insufficient to prove that he had a "habit" of drug use ................................... 2

STATEMENT OF FACTS ....................................................................................... 2

SUMMARY OF THE ARGUMENT ..............................**Error! Bookmark not defined.**

ARGUMENTS AND AUTHORITIES ............................**Error! Bookmark not defined.**

    POINT OF ERROR ONE (restated) ...........................**Error! Bookmark not defined.**

        The evidence regarding Appellant's failure to pay fees was insufficient to prove a violation of probation as the Appellant was indigent and the State did not put on any evidence that the Appellant had the ability to pay and willfully chose not to........................................................................................ 6

    POINT OF ERROR TWO (restated) ............................................................... 9

        The evidence regarding Appellant's failure to provide written proof of employment was insufficient as there was conflicting testimony about what was required of Appellant. ...................................................................... 9

    POINT OF ERROR THREE (restated) ..................................................... 11

The evidence regarding the Appellant's failure to refrain from vicious habits was insufficient to prove that he had a "habit" of drug use. ................................... 11

REASON FOR REVIEW…………………………………………………………………...

PRAYER ........................................................................................................ 13

CERTIFICATE OF SERVICE.......................................................................... 15

CERTIFICATE OF COMPLIANCE ................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Bearden v. Georgia*, 461 U.S. 660 (1983)........................................................................8, 9

*Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970)............................................ 12

*Chacon v. State*, 558 S.W.2d 874 (Tex. Crim. App. 1977)......................................... 12, 13

*Cobb v. State*, 851 S.W.2d 871 (Tex. Crim. App. 1993).................................................. 14

*Garcia v. State*, 571 S.W.2d 896 (Tex. Crim. App. 1978).......................................... 12, 13

*Gipson v. State,* 395 S.W.3d 910 (Tex. App.— Beaumont 2013, pet. granted) ................. 7

*Marshall v. State*, 466 S.W.2d 582 (Tex. Crim. App. 1971)............................................ 12

*Mayer v. State*, 309 S.W.3d, 552 (Tex. Crim. App. 2010).................................................. 8

*Morales v. State*, 538 S.W.2d 629 (Tex. Crim. App. 1976)........................................ 12, 14

*Scamardo v. State*, 517 S.W.293 (Tex. Crim. App 1974) .................................................. 10

*Stovall v. State*, 683 S.W.2d 891 (Tex. App.— Fort Worth 1985, pet. ref'd) ................... 13

**Rules**

Tex. R. App. P. Rule 39.7........................................................................................................ 1

Tex. R. App. P. Rule 9.4(i)(3). ............................................................................................. 16

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.7, Appellant hereby requests oral argument. Counsel is of the opinion that oral argument would serve to emphasize and clarify the important legal points regarding this appeal.

## STATEMENT OF THE CASE

On March 28, 2014 Appellant was convicted in the 184th District Court of Harris County of violating the terms and conditions of his community supervision. His punishment was assessed at seven (7) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Notice of appeal was timely filed on March 28, 2014 (CR, pg 51). This Court has jurisdiction pursuant to Tex. R. App. P. 26.2.

The Reporter's Record was properly filed with this Honorable Court on May 27, 2014.

There are no bills of exception.

## QUESTIONS PRESENTED FOR REVIEW

1. *Was the evidence regarding Appellant's failure to pay fees sufficient to prove a violation of probation?*

2. *Was the evidence regarding Appellant's failure to provide written proof of employment sufficient to prove a violation of probation?*

3. *Was the evidence regarding Appellant's failure to refrain from vicious habits sufficient to prove that he had a "habit" of drug use?*

## STATEMENT OF FACTS

On Appellant pled guilty to the offense of Possession of Controlled Substance, Penalty Group I, 4-200 grams, a second degree felony on June 29, 2009. Appellant waived indictment in writing. CR 10. A finding of guilt was deferred and Appellant was placed on community supervision for a period of five (5) years. CR 20.

On January 30, 2014 a Motion to Adjudicate Guilt was filed alleging four (4) violations of the conditions of supervision. CR 43. Appellant pleaded not true to the violations. 2 RR 11. A hearing was held on March 27, 2014, concluding on March 28, 2014.

In the hearing, the State called the court liaison officer for the 184th District Court, Melinda Collins, who testified about the contents of the probationary field file after the Court took judicial notice of same. 2 RR 20. The CLO testified that the Appellant was required to submit written proof of employment at every office visit with the probation officer. 2 RR 21. She testified that he last provided that written proof of employment on September 6, 2013 and had not provided written proof after

2

that. 2 RR 22. She later testified that the Appellant last provided written proof of employment on September 15, 2013. 2 RR 22. She further testified that the next scheduled office visits were October 23, 2013 and November 14, 2013. 2 RR 23. The Appellant was arrested in late December on the Motion to Adjudicate warrant. 3 RR 30.

In response to the Appellant's defense counsel questioning she admitted that it was common if someone held the same job, they might not provide further verification of that same job. 2 RR 23. Appellant testified that he held two jobs in 2013, and that he provided check stubs with his probation officer as instructed. 3 RR 34, 3 RR 44. Appellant testified that he lost his jobs in late December, before Christmas. 3 RR 35.

Appellant's wife testified that Appellant held two jobs and that he was arrested in late December for the violation of probation. 3 RR 31. The CLO, Collins, further testified that Appellant had not missed any appointments with probation or failed to provide records of employment prior to September 15, 2013. 2 RR 26. Appellant was on probation for four years and half (4 ½) years prior to the motion to adjudicate hearing. 3 RR 39.

During that four and half years he is only alleged to have failed to provide written verification of employment on two occasions, October 23, 2013 and

November 14, 2013. 2 RR 23. Appellant testified that he DID provide what he was instructed to provide, which was his paycheck stubs. 3 RR 34.

The CLO, Collins, testified that Appellant was behind on his payments of his court ordered fees in the amount of $620.00 and his laboratory fees in the amount of $50.00. 2 RR 31. She admitted that neither of these amounts were exorbitant. 2 RR 36.

On cross, Collins admitted that Appellant was not required to pay while he was in jail. 2 RR 36, 2 RR. She testified that Appellant was in jail in a treatment program in 2011 until July, 2012. 2 RR 25. There was no testimony from the State's witnesses about the Appellant's financial ability to pay nor was there any testimony from any witness as to whether the Appellant had refused to pay at all or was just behind on payments.

Collins testified that there was an allegation that Appellant had used PCP in October, 2013. PCP. 2 RR 26. Collins testified that there were no other allegations of the Appellant using any controlled or illegal substance. 2 RR 26. Again, she later testified that there was "one allegation of a urine sample positive for phencyclidine." 2 RR 33. There was no evidence presented by the State of there being any drug use by Appellant, except the one urinalysis alleging positive for PCP.

The Appellant testified that he has never used PCP. 3 RR 38. He testified that he had accepted responsibility for his drug use in November, 2011, by agreeing to

enter the residential drug treatment program. 3 RR 40. Appellant testified that he did not use PCP. 3 RR 40:

Appellant: I didn't do this, I didn't do this, I didn't do this.

After presentation of evidence by the State and Appellant, the trial court found all four (4) violations alleged to be true and sentenced Appellant to seven (7) years in the Institutional Division of the Texas Department of Criminal Justice. 3 RR 50.

## REASON FOR REVIEW

There was insufficient evidence presented by the State to prove by a preponderance of the evidence that the Appellant violated his conditions of probation.

Appellant was behind on his supervision fees and laboratory fees. However there was no evidence presented that he had the ability to pay but just chose not to, which is a requirement by the State to prevail.

Appellant provided proof of employment via check stubs as he was instructed to do by his probation officer at each visit. The one witness who testified that he had done otherwise was the court liaison, who gave conflicting statements about when he last gave written verification of employment and testified that it would be common for someone who held the same job not to continue to provide written verification. The Appellant testified that he provided written verification and paycheck stubs, as instructed. He testified that the paycheck stubs should be in the

5

probation file. He testified that he lost his jobs in December 2013 when he was arrested on the Motion to Adjudicate that was filed. This conflicting evidence is insufficient to prove by a preponderance of the evidence that the Appellant violated this condition of probation.

Appellant had one drug test positive for PCP. One drug test is not sufficient to prove he failed to avoid injurious or vicious habits, as alleged in his Motion to Adjudicate probation. This one drug test is insufficient to establish a "habit" as alleged by the Motion to Adjudicate.

### REASON FOR REVIEW

#### Question #1.

*The evidence regarding Appellant's failure to pay fees was insufficient to prove a violation of probation as the Appellant was indigent and the State did not put on any evidence that the Appellant had the ability to pay and willfully chose not to.*

The testimony at the revocation hearing was that the Appellant was $620.00 in arrears in paying his supervisory fees and $50.00 in arrears in paying his laboratory fees. 2 RR 31. There was no testimony offered by the State as to whether the Appellant had been paying some fees monthly, whether the Appellant had sufficient resources to allow him to pay the fees or whether the Appellant was willfully refusing to pay the fees. The only evidence presented by the State was that he was in arrears the amount described *supra*. On June 29, 2009, when Appellant

6

pled guilty to the second degree offense of Possession of a Controlled Substance, Penalty Group 1, 4-200 grams. (CR 12), he requested court appointed counsel. CR 7.

The trial court granted that request, found Appellant indigent, and appointed an attorney to represent him. In November 2011, when a Motion to Adjudicate was filed, Appellant again requested a court appointed attorney. CR 35. Again, the trial court found him indigent and appointed counsel. In January, 2014, when the present Motion to Adjudicate the subject of this appeal was filed, the trial court again found Appellant indigent and appointed counsel to represent him. CR 41. When the Appellant gave notice of appeal and completed a pauper's oath, the trial court again appointed him counsel. CR 53. Four times Appellant has been found indigent by the trial court.

The trial court's decision to adjudicate the Appellant for violations of failing to pay supervision and laboratory fees is tantamount to imprisoning a defendant because he is poor, especially without the proof required to show that he was able to pay and willfully chose not to. It was an abuse of discretion when the State failed to prove that Appellant was able to pay the fees and did not do so. *Gipson v. State,* 395 S.W.3d 910, 915 (Tex. App.— Beaumont 2013, pet. granted)[1]. In *Gipson*, the court

---

[1] *Gipson* overruled in regards to "fines". Differentiated between fines and fees because fines are punitive and fees are remedial in nature. *Gipson v. State,* 428 S.W.3d 107 (Tex. Crim. App. 2014). The issue in the present case is whether Appellant had the ability to pay FEES and willfully chose not to and whether that was proven by the State.

7

of appeals reversed because the State failed to show the defendant had the ability to pay the fines and fees and was willfully not doing so. *Id*.

In the present case, the State presented no evidence of Appellant's ability or inability to pay, nor did it present evidence that the failure to pay was done willfully by Appellant. While Appellant's trial counsel did not object to this, the Court of Appeals has held that because it was a sufficiency challenge, no objection was required. *Id*. at 914. "Sufficiency issues cannot be forfeited and need not be preserved for appeal." *Id*. (citing *Mayer v. State*, 309 S.W.3d, 552, 556 (Tex. Crim. App. 2010)).

The Appellant was not able to afford his fees and the trial court's finding of true, despite the Appellant's indigent status, was fundamentally unfair in violation of due process and equal protection. *Bearden v. Georgia*, 461 U.S. 660 (1983). A trial court cannot revoke probation for nonpayment absent evidence and findings that the failure was willful and that alternative forms of punishment would be inadequate to meet the State's interest in punishment and deterrence. *Id*. at 666. This would be little more than punishing a person for his poverty. *Id*. at 671.

The Appellant testified that he held two jobs in 2013, one at a pizza place in the Woodlands and one at Burger King. 3 RR 34. There was no testimony from any witness as to how much he made, what living expenses he had, how long he worked there, what payments toward probation that he was able to make, whether he was

told to pay by his probation officer and refused, or whether he was supporting children or a family. There was simply no evidence offered by the State to prove that the Appellant had the ability to pay and did not. Thus, the evidence is insufficient to prove by a preponderance of the evidence that the Appellant had the ability to pay and willfully did not do so, and thus was in violation of his probation.

Question #2

*The evidence regarding Appellant's failure to provide written proof of employment was insufficient as there was conflicting testimony about what was required of Appellant.*

As stated above, the CLO was the sole witness for the State in its proof that the Appellant did not provide written proof of employment. The court liaison officer did not directly supervise the Appellant on probation. She testified first that Appellant last provided written proof of employment on September 6, 2013 and then she testified that Appellant last provided written proof of employment on September 13, 2013. 2 RR 21, 22.

She also testified that it would be common for someone who is holding down the same job to not provide further verification. 2 RR 23. Further, the Appellant testified that he had provided written verification and paycheck stubs, as he was instructed to do. 3 RR 34. An order revoking probation must be supported by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.293, 298 (Tex. Crim. App 1974). The greater weight of the credible evidence must create a reasonable

9

belief that the defendant violated a condition of his probation. *See id*. In this case, the sole witness for the State was not even the supervising officer, but simply reading from the court's file in court. She agreed that it might be common for a person holding the same job not to provide verification of that same job.

The Appellant testified that he provided paycheck stubs as he was instructed to do. For all of the 4 ½ years of probation, Appellant managed to provide written verification of his employment, whether through paycheck stubs, or through other documentation. The last two months before the Motion to Adjudicate was filed are the two months that the probation file did not contain written verification of his employment.

The testimony of the one witness for the state, who did not even directly supervise the Appellant but who works in the courtroom, and who provided conflicting testimony as to the dates that he last reported his employment AND who testified that it is common for someone who has held the same job to NOT have to provide continued verification, is insufficient to prove by a preponderance of the evidence that the Appellant failed to provide written proof of employment, especially considering the history of Appellant complying with the requirement that he provide proof of employment for 4 ½ years of supervision.

*The evidence regarding the Appellant's failure to refrain from vicious habits was insufficient to prove that he had a "habit" of drug use.*

The Motion to Adjudicate filed on January 30, 2014 alleges that Defendant did then and there violate terms and conditions of Community Supervision by: Failing to avoid injurious and vicious habits to wit: the Defendant did use a controlled substance, namely Phencyclidine, which was evidenced by the presence of Phencyclidine in a urine sample taken from Wade Bessard on October 23, 2014 at the Harris County Community Supervision and Corrections Department. CR 42.

Further the Judgment adjudicating Appellant on March 28, 2014 states "Defendant violated the terms and conditions of community supervision as set out in the State's Original Motion to Adjudicate Guilt as follows: AVOID INJURIOUS OR VICIOUS HABITS. CR 47, 48. At the adjudication hearing, the State called Kendrick Rabb, a community supervision technician employed by the Harris County Community Supervision and Corrections Department. 2 RR 42. Mr. Rabb testified that on October 23, 2014, he observed the Appellant provide a urine sample. 2 RR 51. He testified as to the chain of custody of that urine sample. 2 RR 58.

The State also called Melinda Collins, court liaison officer for the 184th District Court, who testified that there was one allegation of drug use, phencyclidine, on October 23, 2014. The State did not allege or prove up any other allegations of

11

drug use, alcohol use, or any other illicit substance abuse by Appellant as a basis for revocation. The courts of appeals have long held that a single use of a drug is not a "habit" for the purposes of a condition of probation that the defendant avoid injurious or vicious habits. *Garcia v. State*, 571 S.W.2d 896, 900 (Tex. Crim. App. 1978). See also *Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970); *Marshall v. State*, 466 S.W.2d 582 (Tex. Crim. App. 1971); *Morales v. State*, 538 S.W.2d 629 (Tex. Crim. App. 1976); *Chacon v. State*, 558 S.W.2d 874 (Tex. Crim. App. 1977); *Stovall v. State*, 683 S.W.2d 891 (Tex. App.— Fort Worth 1985, pet. ref'd).

In *Garcia*, the defendant was alleged to have violated her probation by submitting one urine sample that tested positive for opiates. There was no evidence presented that the defendant had ever submitted any urine test or the results thereof. The defendant pled true to a different allegation and the appellate court made the observation that "had it (the urine test) been proven to be true, it should be remembered that proof of a single instance of the use of a drug cannot be characterized as a habit under the decisions of this court." *Garcia*, 571 S.W.2d 900.

Further, in *Stovall*, the appellant was alleged to have violated his probation condition of "avoid injurious or vicious habits" and "avoid persons or places of disreputable or harmful character" by being seen in a single incident of carrying a beer at a nightclub. The court reversed the finding of the trial court, and set aside the order revoking Appellant's probation, finding that a single occurrence of the use of

an alcoholic beverage cannot be characterized as a habit under the decisions of our Court of Criminal Appeals. See *Chacon*, 558 S.W.2d at 874." In *Morales*, the Appellant was noted to smell like alcohol and appeared to be intoxicated when he appeared at a jail to inquire into making someone's bond. Again, the court found that a single instance of alcohol use cannot be characterized as a habit. *Morales*, 538 S.W.2d 629.

In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of evidence that the defendant violated a term and condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State in this case has failed to do that on all four allegations of violations of community supervision. The trial court abused its discretion in adjudicating the guilt of the Appellant and sentencing him to seven years confinement in TDCJ.

### PRAYER

ACCORDINGLY, this Court should GRANT this PETITION FOR DISCRETIONARY REVIEW and ORDER briefs on the merits to answer the question of whether the evidence against the Petitioner was legally sufficient to support his adjudication.

Petitioner further prays for all relief to which he may be entitled.

**Respectfully submitted,**

 _/s/ Dena Fisher__
**DENA FISHER**
TBN: 24034440
440 Louisiana, Suite 200
Houston, TX 77002
Tel: 713-222-2201
d2f@sbcglobal.net
Attorney for *Wade Timothy Wade Bessard*

14

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of May, 2015, a true and correct copy of the above and foregoing Appellant's Petition for Discretionary Review was served on the Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002, by electronic-delivery.

_/s/ Dena Fisher__
**DENA FISHER**

## CERTIFICATE OF COMPLIANCE

This is to certify that the brief filed in case number 14-14-00348-CR complies with requirement of Tex. R. App. P. Rule 9.4(i)(3). According to the computer program used to prepare the document, the brief has the following number words: 2158 including footnotes.

_/s/ Dena Fisher__
**DENA FISHER**

Affirmed and Opinion filed March 17, 2015.



In The

## Fourteenth Court of Appeals

_____

NO. 14-14-00348-CR
_____

**WADE TIMOTHY BESSARD, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1221855

## O P I N I O N

Appellant Wade Timothy Bessard entered a plea of guilty to possession of a controlled substance. In accordance with the terms of a plea bargain agreement with the State, the trial court deferred adjudication and placed appellant on community supervision for five years. Subsequently, the State filed a motion to adjudicate guilt for violations of the conditions of appellant's community supervision. Following a hearing, the trial court adjudicated guilt and sentenced

17

appellant to confinement for seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his third issue, appellant claims that it was an abuse of discretion for the trial court to find true a violation of condition two of appellant's community supervision: to "avoid injurious or vicious habits." The record reflects that a urinalysis performed October 23, 2013, revealed appellant's urine sample tested positive for phencyclidine, commonly referred to as PCP. Appellant argues that absent evidence of other drug use, alcohol use, or any other illicit substance abuse, this is an insufficient basis for revocation of his community supervision because evidence of a single use of a drug is not a "habit" for the purposes of a condition of probation. *See Garcia v. State*, 571 S.W.2d 896, 900 (Tex. Crim. App. 1978).

The complete text of appellant's community-supervision condition two reads:

> 2. Avoid injurious or vicious habits. You are forbidden to use, possess, or consume any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription. You are forbidden to use, consume, or possess alcoholic beverages.

The State's motion to adjudicate guilt alleged that appellant violated the terms and conditions of his community supervision by:

> Failing to avoid injurious or vicious habits to–wit; the Defendant did use a controlled substance, namely PHENCYCLIDINE, which was evidenced by the presence of PHENCYCLIDINE GC/MS in a urine sample taken from Wade Bessard on October 23, 2013 . . . ..

The State alleged a violation of the second sentence of condition two by appellant's use of phencyclidine. Although a single use of an illegal drug may not be enough to constitute a "habit," a single use is enough to support a finding that

2

18

appellant violated a condition forbidding drug use. *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977).[1]

A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). To revoke probation, the State need prove the violation by only a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). The preponderance of the evidence established that appellant used a controlled substance, namely phencyclidine, on or about October 23, 2013, in violation of condition two. Accordingly, the record supports the trial court's finding that appellant violated a condition of his community supervision. *Rodriguez v. State*, 2 S.W.3d 744, 746 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Accordingly, we hold the trial court did not abuse its discretion in finding true a violation of condition two. Appellant's third issue is overruled.

We need not address appellant's other contentions because one sufficient ground for revocation will support the trial court's judgment. The judgment of the trial court is affirmed.

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Jamison, Busby, and Brown.
Publish — Tex. R. App. P. 47.2(b).

---

[1] *See also Kirk v. State*, 01-99-01184-CR, 2001 WL 279211, at *2 (Tex. App.—Houston [1st Dist.] Mar. 22, 2001, no pet.) (mem. op., not designated for publication) (The trial court did not abuse its discretion in revoking community supervision on the basis of a single failed drug test because although the motion to revoke was drafted in terms of failure to avoid injurious or vicious habits, it also alleged the use of a controlled substance contrary to condition two of appellant's community supervision.)

3