NO. 07-01-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 9, 2002

_____

RONALD ELAN MARTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 29,387-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

On December 17, 2001, a copy of a Notice of Appeal in cause No. 29,387-A in the 47th District Court of Potter County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk).  The document filed gives notice that Ronald Elan Martin, appearing *pro se*, desires to appeal from a "Motion to Compel Enforcement of Court Acceptance of Plea Bargain" which the Notice of Appeal alleges was filed on November

16, 2001. On January 7, 2002, a docketing statement was filed with the appellate clerk which sets out that the appeal is from "Motion to Compel Plea Agreement," does not set out the date of any order from which appeal is taken, does not indicate whether any order from which appeal is taken disposes of all parties and issues, and does not indicate that appellant has filed an affidavit of indigency.

By letter dated January 7, 2002, the District Clerk of Potter County (the trial clerk) advised the appellate clerk that (1) no order had been filed as to the "Motion to Compel Enforcement of Court Acceptance of Plea Bargain," and (2) the trial clerk had not received either an order from the trial court to prepare a record or payment from appellant for preparation of a record. An extension of time was granted for filing the clerk's record until February 14, 2002. By letter dated February 13, 2002, the trial clerk advised the appellate clerk that the trial court had not entered an order directing the preparation of a record, appellant had not made any payments for preparation of a record, appellant had not filed an affidavit of indigency, and that a clerk's record was not being forwarded to the appellate clerk. The clerk's record has not been filed.

By letter dated February 21, 2002, appellant and the State were notified that further proceedings in the appeal had been abated pending consideration by this court of its jurisdiction over the appeal, that the court would consider its jurisdiction over the appeal on or after March 25, 2002, and that any matters the parties desired this court to consider on the question of appellate jurisdiction should be submitted on or before March 22, 2002. Appellant filed a brief on March 22, 2002, addressing the jurisdiction issue.

2

Appellant's brief affirms that his notice of appeal relates to a motion pending in the trial court but on which the trial court has not acted. He does not assert via his brief, his docketing statement or his notice of appeal that he is appealing from the judgment of conviction or an order.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[1] The notice of appeal must be in writing and must contain the necessary jurisdictional allegations. TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). TRAP 25.2(b) provides that notice of appeal is sufficient if the notice shows the party's desire to appeal from "the judgment or other appealable order."

An untimely notice of appeal or a notice of appeal which does not contain jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See Riewe, 13 S.W.3d at 411. Unless the jurisdiction of the appellate court is invoked, the appellate court has no jurisdiction over the appeal and must dismiss the matter. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

Appellant's notice of appeal does not show that appellant desires to appeal from either a judgment or an order, much less from one that is final or appealable. The form of

---

[1]Further reference to the Rules of Appellate Procedure will be by referencing "TRAP _."

3

appellant's notice of appeal is not sufficient to invoke our appellate jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.


Phil Johnson
Justice


Publish.