**Billy Ray HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–04–01559–CR.

Court of Appeals of Texas,
Dallas.

Jan. 24, 2005.

Deborah Farris, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Dallas, for State.

Before Justices WRIGHT,
FITZGERALD and LANG–MIERS.

**OPINION**

Opinion by Justice FITZGERALD.

Billy Ray Henderson was convicted of delivery of cocaine. Punishment, en-hanced by two prior convictions, was assessed at life imprisonment and was imposed on September 4, 2003. At that time, appellant appealed. The case, docketed in this Court as cause number 05–03–01382–CR, was transferred by order of the Texas Supreme Court to the Sixth District Court of Appeals. That court affirmed the trial court's judgment and, on August 25, 2004, issued its mandate. *See Henderson v. State,* No. 06–03–00221–CR, 2004 WL 1468571 (Tex.App.-Texarkana July 1, 2004, no pet.) (not designated for publication). On October 13, 2004, the trial court "resentenced" appellant to life imprisonment. Appellant filed another notice of appeal.

Because we questioned our jurisdiction over the appeal, we directed the parties to file jurisdictional letter briefs. Counsel for both appellant and the State agree that we have no jurisdiction over the appeal. We likewise conclude we have no jurisdiction over the appeal.

This appeal is not from an appealable order. A defendant may appeal only a final judgment or other appealable order. *See* TEX.R.APP. P. 25.2(b), 26.2(a). The only judgment in the record was rendered on September 4, 2003, and it became final and unassailable by appeal when the Sixth District Court of Appeals issued its mandate. *See Ex parte Johnson,* 12 S.W.3d 472, 473 (Tex.Crim.App.2000) (per curiam); *State v. Gutierrez,* 143 S.W.3d 829, 832 (Tex.App.-Corpus Christi 2004, no pet.). The trial court's act of "resentencing" appellant after the issuance of the appellate court's mandate affirming appellant's conviction was an unnecessary procedure not required by either rule or statute. *See* TEX.CODE CRIM. PROC. ANN. art. 42.03, § 3 (Vernon Supp.2004–05) (requiring court to endorse on appellate court mandate credit for time served while on appeal; statute does not require hearing or resentencing); TEX.R.APP. P. 51.2 (describing steps neces-

sary to enforce judgment in a criminal case after issuance of appellate court's mandate). The court's action did not change appellant's sentence or status and created no new right of appeal. Therefore, there is no new judgment or other appealable order pending before the Court. Absent such, we have no jurisdiction over the appeal. *See* TEX.R.APP. P. 26.2; *Fry v. State,* 112 S.W.3d 611, 613–14 (Tex.App.-Fort Worth 2003, pet. ref'd) (en banc) (no jurisdiction due to lack of appealable order); *McKown v. State,* 915 S.W.2d 160, 161 (Tex.App.-Fort Worth 1996, no pet.) (per curiam) (same).

Accordingly, we dismiss the appeal for want of jurisdiction.