

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-265-CR**

MICHAEL E. GRANT                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM THE 97TH DISTRICT COURT OF CLAY COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael E. Grant, pro se, attempts to appeal from the district court's decision that it had no jurisdiction over his notice of appeal from the municipal court and his "Motion to Enter a Plea of Guilty in Exchange for Time Served on Tickets and Court Costs."  Because no final judgment was ever entered in the municipal court, and because the district court would not have

---

[1] *See* TEX. R. APP. P. 47.4.

had jurisdiction over an appeal from the municipal court even if a final judgment had been entered, we also lack jurisdiction, and so we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.2, 43.2(f); *see also* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp. 2008) (providing that the county courts in the county in which the municipality is located have jurisdiction over appeals from a municipal court).

Grant received a citation on September 16, 2003, for driving eighty-two miles per hour in a sixty-five-mile-per-hour zone. He subsequently failed to appear in the municipal court, on September 30, 2003, resulting in an additional citation for "failure to appear."

Grant was convicted of aggravated robbery in 1984 and sentenced to thirty years' confinement. He was convicted of possession of cocaine in 2004 and sentenced to 180 days' confinement. He has subsequently attempted to trade guilty pleas to the speeding and failure-to-appear citations in exchange for time already served on these other convictions in the justice court, the municipal court, the district court, and now this court.

In May 2007, Grant received a notice from the justice of the peace, Precinct No. 1 of Clay County, informing him as follows with regard to his two citations:

2

> PLEASE BE ADVISED WE ARE NO LONGER ABLE TO GIVE YOU TIME SERVED ON A CITATION UNLESS YOU ARE ARRESTED AND TAKEN TO JAIL FOR THAT CHARGE. YOU WILL NEED TO MAKE ARRANGEMENTS TO PAY YOUR FINE WHEN EVER YOU ARE RELEASED. IF YOU HAVE A DRIVER['S] LICENSE YOU WILL NOT BE ABLE TO GET IT RENEWED UNTIL YOUR FINE IS PAID.

He attempted to appeal this to the municipal court, and then to the district court.[2]

In September 2007, the Clay County district clerk sent him a letter, returning the "Motion to Enter a Plea of Guilty in Exchange for Time Served on Tickets and Court Costs," because it was the district clerk's understanding that the district court did not have jurisdiction. Grant demanded that it be filed, and in November 2007, the district attorney sent him a letter, stating that

> [t]he District Clerk has filed the motion at your insistence, but the relief you are requesting cannot be granted by the District Court. It has no jurisdiction over matter[s] in municipal courts. The county court has jurisdiction over appeals from county courts if that is what you wish to pursue. A motion of the type you have filed

---

[2] It is apparent that the outstanding citations have caused Grant some hardship, as he states in his filings that having an outstanding warrant on these citations prevents him from being promoted to "State Approved Trustee II," prevents him from attending some vocational programs, and blocks the renewal of his driver's license, which will affect his livelihood as a truck driver upon his eventual release from jail. He also states that, if he is released on parole, getting arrested for the citations will violate his parole and he will then be returned to prison, "a hardship and a no win situation for all involved." The ideal solution would be for Grant to plead guilty or nolo contendere and to pay his fines for the two citations; however, he alleges that he is "in poverty and will continue to be through out this time."

3

should be filed with the municipal court itself, which might well grant your motion on submission of a plea of guilty by mail from you. The District Court, on the other hand, is simply without jurisdiction to hear the matters you raise.

Undeterred, Grant filed a notice of appeal with this court.

On August 1, 2008, we notified Grant that we were concerned that the court might not have jurisdiction over this appeal because the trial court had not entered any appealable orders. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). We stated that unless he or any party desiring to continue the appeal filed with the court within ten days a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction. Grant filed a letter with this court enclosing all of the preceding information.

Under Texas Rule of Appellate Procedure 26.2, to perfect an appeal, a defendant in a criminal case must file a notice of appeal "within 30 days after the day *sentence is imposed or suspended in open court*, or after the day the trial court enters an *appealable order*." TEX. R. APP. P. 26.2(a)(1) (emphasis added). A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Id*.; *see also* TEX. R. APP. P. 25.2(a)(2) (requiring that the trial court enter a certification of the defendant's right to appeal each time it enters a judgment of guilt or other *appealable* order).

4

Here, no sentence has yet been imposed for Grant's citations—he has merely attempted to bargain with each court, including this one, to trade time-served on other offenses to resolve his two citations. And no orders have been entered in any court within which Grant has filed his motion. Because no final, appealable order has been entered in this case, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.2, 26.2, 43.2(f); *see also Martin v. State*, 77 S.W.3d 853, 855 (Tex. App.—Amarillo 2002, no pet.) (dismissing appeal for want of jurisdiction on similar facts).

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 14, 2008

5