**Opinion issued October 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00904-CR

———————————

**ERIK SANTANA GUANCHE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case No. 1869024**

---

## MEMORANDUM OPINION

Erik Santana Guanche was charged with the misdemeanor offense of driving while intoxicated. In 2013, Guanche reached a plea agreement with the State and subsequently appealed the denial of his motion to recuse the trial court judge in his plea proceeding. We affirmed the judgment of the trial court on December 16,

2014, and the clerk of this Court issued a mandate on June 5, 2015. Guanche now seeks to appeal on the basis that the trial court declined to recuse itself and did not afford Guanche the opportunity to participate in a hearing on his motion to recuse. We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a)

## Background

Guanche was charged with the misdemeanor offense of driving while intoxicated, which was alleged to have occurred in December 2012. *See Guanche v. State*, No. 01-13-00851-CR, 2014 WL 9868629, at *1 (Tex. App.—Houston [1st Dist.] Dec. 16, 2014, pet. ref'd). In that proceeding, Guanche filed a verified motion to recuse the trial court on the grounds that she "has a personal bias or prejudice concerning the subject matter, defense counsel or a party, or the judge has no regard for Texas law, and there is a strong appearance of impropriety." *Id.* The trial court declined to recuse herself and referred the motion to the Presiding Judge of the Second Administrative Judicial Region, Olen Underwood, who denied the motion. *Id.*

On July 2, 2013, in accordance with the terms of his plea bargain, the trial court sentenced Guanche to 15 days in the Harris County Jail and certified that there were matters raised by written motion filed and ruled on before trial from which Guanche had the right to appeal. *Id.* Guanche appealed the denial of his motion to recuse, and we affirmed the judgment of the trial court on December 16,

2

2014. *Id*. We take judicial notice that the clerk of this Court issued a mandate confirming this Court's affirmance on June 5, 2015.[1]

On July 14, 2015, the Harris County District Clerk issued a document bearing Guanche's trial court cause number titled "Court Directive: General Information/Recall" that stated "MANDATE OF AFFIRMANCE, SENTENCE IS SATISFIED." On August 10, 2015, Guanche filed a Motion for New Trial asserting that the "final decision in the latest docket entry is contrary to the evidence, due process and various Texas laws, rules of court, and judicial committee regulations." On September 28, 2015, Guanche filed a "First Supplemented [sic] Motion for New Trial" arguing that "a timely motion was filed and it was ignored in this matter . . . . [i]nstead, the directive . . . was issued." Guanche filed a "Notice of Appeal from Final Court Directive." Shortly thereafter, the trial court denied Guanche's First Supplemented [sic] Motion for New Trial.

In this appeal, Guanche asserts that he filed a timely motion to recuse and requested time to prepare witnesses, including issuing subpoenas, when the Order and Directive was signed in "direct violation to Texas law controlling recusal procedure and recusal hearings." Guanche asserts that "[s]uch Directive was

---

[1] *See Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) ("[A]n appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties.").

signed to avoid a hearing that would expose regular, racist, and biased illegal conduct" relating to the use in trial courts of allegedly unqualified interpreters.

## Discussion

The right to appeal in criminal cases is conferred by the legislature, and a party may generally only appeal from final judgments of conviction or orders authorized as appealable. *See* TEX. CRIM. PROC. CODE art. 44.02; TEX. R. APP. P. 25.2(a)(2); *see also State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *Henderson v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet).

Here, Guanche attempts to appeal from an administrative court directive entered by the district clerk after the issuance of a mandate by our Court. The only judgment in the record was rendered on July 2, 2013 and it became final when this Court issued its mandate, affirming the trial court's decision on June 5, 2015. *See Henderson*, 153 S.W.3d at 735. The district clerk's subsequent issuance of a court directive that stated "MANDATE OF AFFIRMANCE, SENTENCE IS SATISFIED" did not purport to alter the trial court's judgment, nor did it create a new right of appeal. *Id.* at 736. Absent an appealable judgment or appealable order, we have no jurisdiction over the appeal. *See* TEX. R. APP. P. 26.2; *Henderson*, 153 S.W.3d at 736 (dismissing appeal for lack of jurisdiction where trial court's act of "resentencing" the defendant after issuance of mandate of

4

affirmance did not change appellant's sentence or status and did not create new right of appeal).

Should Guanche contend that this appeal arises from the trial court's October 15, 2015 order denying his First Supplemented Motion for New Trial, such order also does not constitute a final, appealable judgment because the trial court lacked jurisdiction to issue such an order after the mandate had issued. *See State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (noting that when conviction has been affirmed on appeal and mandate has issued, general jurisdiction is not restored in trial court, but rather, trial court has special or limited jurisdiction to ensure that higher court's mandate is carried out and to perform other functions specified by statute); *Ex Parte Baltimore*, 616 S.W.2d 205, 207 (Tex. Crim. App. 1981) (noting that ordinarily receipt of mandate of affirmance merely triggers ministerial acts and will not vest any further jurisdiction in trial court to modify judgment and sentence upheld by appellate court); *In re Pettigrew*, 301 S.W.3d 920, 922 (Tex. App.—Tyler 2009, no pet.) ("When, as here, a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court."); *see also Fowler v. State*, 803 S.W.2d 848, 849 (Tex. App.—Corpus Christi 1991, no pet.) (affirming trial court's denial of defendant's motion for new trial for lack of jurisdiction because motion

was untimely where it was filed after court of appeals issued its opinion affirming conviction but before it issued mandate of affirmance).

Accordingly, because there is not a final appealable order before this Court, we lack jurisdiction and must dismiss. *See Sellers*, 790 S.W.2d at 321 n.4 (noting that defendant's general right to appeal under Code of Criminal Procedure has always been limited to appeal from "final judgment"); *Henderson*, 153 S.W.3d at 736 (concluding court lacked jurisdiction over appeal because it did not arise from appealable order); *Martin v. State*, 77 S.W.3d 853, 855 (Tex. App.—Amarillo 2002, no pet.) (dismissing appeal for lack of jurisdiction where defendant did not establish he was appealing from final and appealable judgment or order).

## Conclusion

We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do Not Publish. TEX. R. APP. PROC. 47.2(b).