**DISMISSED and Opinion Filed July 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00554-CR

### EX PARTE QUINCY BLAKELY

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX18-90017-M**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

On May 14, 2018, appellant filed a notice of appeal "from an Order entered on record 5-14-18 denying the pre-trial writ of habeas corpus filed 2-27-18." On June 6, 2018, the clerk's record was filed in this appeal. The clerk's record did not contain a written order denying relief as appellant had represented in his notice of appeal.

By order entered on June 14, 2018, the Court ordered the district clerk to file either a supplemental clerk's record containing the trial court's order denying relief or else a verification that no such order was in the district clerk's possession. Because no written order denying relief had yet been filed, the Court further directed the parties to address in their briefs the issue of the Court's jurisdiction. In response to the Court's order, the district clerk has filed a letter verifying that the trial court has not filed an order resolving appellant's pretrial writ application.

Appellant did not file a brief by the established June 22, 2018 due date. Instead, appellant has filed a motion for extension of time to file his brief and a letter in which he represented as follows:

> [O]n May 14, 2018, [the trial court] entered an Order on the record of the Court denying the Pre Trial Writ of Habeas Corpus, cause [n]umber WX1890017 before proceeding to trial on the merits on the same day, May 14, 2018 for cause number F1518020.
>
> When I presented the Order for [the trial court] to sign, along with the Certification of Defendant's Right to Appeal, [the trial court] refused to sign them both, although it was his ministerial duty to do so after he entered the Order on the record denying the Writ of Habeas Corpus. . . . The record of the 194th Judicial District Court contains the verbal Order of [the trial court] denying the Pre-Trial Writ of Habeas Corpus, but it seems that this is a blatant attempt to deny me of my right to appeal his decision, as [the trial court] refused to do his ministerial duty and sign the Order after entering it on the court record, and also refusing to sign the Certification of Right to Appeal.

A court of appeals has no jurisdiction over an appeal absent a written judgment or order. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a); *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008); *see also Jarvis v. State*, No. 02-15-00410-CR, 2016 WL 741972, at *1 (Tex. App.—Fort Worth 2016, no pet.) (per curiam) (not designated for publication) (no appellate jurisdiction where trial court announces oral ruling but has not entered a written order). A docket sheet entry does not constitute an appealable order. *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.). Because the trial court has not entered an appealable order in the habeas proceeding, appellant's notice of appeal does not confer jurisdiction upon the Court. *See Henderson v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet.). Appellant's contention that the trial court is shirking its ministerial duty to sign an order disposing of his habeas application must be brought in an application for writ of mandamus. *See Gutierrez v. State*, 307

S.W.3d 318, 322 (Tex. Crim. App. 2010); *Winters v. Presiding Judge of the Crim. Dist. Court No. Three of Tarrant County*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003).[1]

In the absence of jurisdiction, we must dismiss the appeal without taking further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). We deny as moot appellant's motion to extend the time to file his brief. We dismiss the appeal for want of jurisdiction.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180554F.U05

---

[1] We note that appellant has filed an application for writ of mandamus with this Court under cause no. 05-18-00815-CV which is pending.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EX PARTE QUINCY BLAKELY

No. 05-18-00554-CR

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX18-90017-M.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 24th day of July, 2018.