**DISMISSED and Opinion Filed July 14, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00041-CR**

**EX PARTE DEMOND JONES**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-83350-2020**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Ninety days after being arrested for the offense of murder, Demond Jones filed an application for writ of habeas corpus alleging he should be released on a personal recognizance bond under article 17.151 of the code of criminal procedure.[1] Appellant also filed a motion styled "Request for Immediate Relief Pursuant to CCP 17.151." On January 19, 2021, appellant filed a notice of appeal indicating his intent to appeal, but not describing what he was appealing.

---

[1] Article 17.151 provides that a defendant jailed on a felony charge must be released on a personal bond or on reduced bail if the State is not ready for trial within ninety days of the defendant's detention. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, §1; *Ex parte Lanclos*, — S.W.3d —, 2021 WL 2677550, at *1 (Tex. Crim. App. 2021).

The clerk's record shows the trial court entered an order denying the request for immediate relief that does not bear the trial court's physical signature, but indicates it was signed on December 9, 2020. The order does not address appellant's application for writ of habeas corpus nor is there a separate order adjudicating the writ application. The trial court's certification of the right to appeal certifies only that appellant does not have the right to appeal the order denying the request for immediate relief signed on December 9, 2020 because there is no right to appeal the denial of an interlocutory motion complaining of excessive bail.

The Court does not have jurisdiction to review orders denying pretrial motions addressing release on bail. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Moreover, the notice of appeal in this case, filed on January 19, 2021, would be untimely to appeal the trial court's December 9, 2020 order. *See* TEX. R. APP. P. 26.2(a)(1) (requiring appellant's notice of appeal be filed within thirty days of signing of the appealable order). Therefore, the Court lacks jurisdiction to review the trial court's order denying the request for immediate release.

The Court has jurisdiction to consider appeals from the denial of pretrial habeas relief on bail matters. *See Lanclos*, 2021 WL 2677550, at *1 (reversing decision of court of appeals to affirm trial court's habeas order reducing bond under article 17.151 on ground reduction was insufficient); *Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (reviewing decision of court of appeals to affirm denial of habeas application requesting release on personal bond or reduction of bail under

–2–

article 17.151); *see also Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 n.2 (Tex. App.—Fort Worth May 5, 2016, pet. dism'd) (mem. op., not designated for publication), *pet. dism'd*, No. PD-0677-16, 2017 WL 1089960 (Tex. Crim. App. Mar. 22, 2017) (per curiam) (not designated for publication) (court of appeals has jurisdiction to review denial of habeas relief seeking bail reduction, but not denial of motion seeking bail reduction). In this case, however, there is no showing the trial court has entered an order ruling on the writ application.

Appellant has the right to appeal the trial court's habeas decision when the trial court enters an appealable order. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a); *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (requiring a written order for appeal); *see also State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that phrase "entered by the court" encompasses signing of written order by trial court). Because the trial court has not entered an appealable order in the habeas proceeding, appellant's notice of appeal does not confer jurisdiction upon the Court. *See Henderson v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet.); *see also Ex parte Terry*, No. 12-20-00006-CR, 2020 WL 827591, at *1 (Tex. App.—Tyler Feb. 19, 2020, no pet.) (mem. op., not designated for publication) (habeas appeal seeking bond reduction must be dismissed if no final written order has been entered); *Jarvis v. State*, No. 02-15-00410-CR, 2016 WL 741972, at *1 (Tex. App.—Fort Worth 2016, no pet.) (per

curiam) (not designated for publication) (no appellate jurisdiction where trial court announces oral ruling but has not entered a written order).

On March 11, 2021, the Court transmitted a letter to appellant's counsel expressing the Court's concerns about its jurisdiction over this case. The letter notified appellant that on or after March 22, 2021, the Court would consider dismissing this appeal unless, by that date, either (1) a supplemental clerk's record was filed showing the trial court has entered a final order on appellant's application for habeas corpus seeking release, or (2) appellant filed a letter brief explaining the basis for the Court's jurisdiction. To date, the Court has received neither a supplemental clerk's record showing a final order has been entered nor a letter brief explaining the basis for the Court's jurisdiction.

Concluding we lack jurisdiction, we dismiss the appeal.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

210041f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE DEMOND JONES

No. 05-21-00041-CR

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 380-83350-2020.
Opinion delivered by Justice Pedersen, III. Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 14th day of July, 2021.