**Dismissed and Opinion Filed January 31, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00752-CR

## EX PARTE JOHN NATHANIEL THOMPSON

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80629-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

John Nathaniel Thompson has filed a notice of appeal stating he is appealing "the trial court's judgment rendered on August 16, 2021." After reviewing the record, we conclude we do not have jurisdiction to review this case.

The clerk's record shows that, although he is represented by counsel, appellant filed both a pro se motion to reduce his bond and a pro se application for writ of habeas corpus seeking a bond. The clerk's record does not contain a final, written order ruling on either the bond reduction motion or the application for writ of habeas corpus. According to the trial court's docket sheet, the trial court conducted a "bond hearing" on August 16, 2021 and denied a "bond reduction."

The reporter's record shows the trial court conducted a pretrial hearing on August 16, 2021 to review appellant's bonds in three cases, including the current one. The trial court stated it was its "understanding that we have a request today to lower the bond amounts." Trial counsel represented appellant during the hearing and advocated for a lower bond. Trial counsel called appellant to testify.

During his testimony, appellant testified about his connections to Collin County and his criminal history. Appellant admitted he had been released on bond for the current state jail felony offense for possession of methamphetamine in an amount less than one gram and for a second misdemeanor drug possession offense. He was taken into custody again after his bond company had filed an Affidavit of Surety to Surrender Principal asking to surrender him to the Collin County Sheriff. According to the affidavit, appellant was not checking in or updating the bond company about his address and attempts to contact him had been unsuccessful. Appellant also testified he was arrested and charged with two new offenses for evidence tampering in Dallas County and first-degree felony drug possession in Collin County.

After hearing the evidence, the trial court ruled: "I do have serious concerns, Mr. Thompson, because of how many times you've been out on bond and you've already had your bonding company going off of it once with additional allegations of crimes being committed while out on bond. So the request to lower bond is denied."

Appellant may appeal the denial of habeas relief, but the Court does not have jurisdiction to entertain an appeal from denial of a motion to reduce a pretrial bond. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *see also Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 n.2 (Tex. App.—Fort Worth May 5, 2016, pet. dism'd) (mem. op., not designated for publication) (court of appeals has jurisdiction to review denial of habeas relief, but not denial of motion seeking bail reduction).

To perfect an appeal from the denial of habeas relief, there must be a signed appealable order. *See Smith v. State*, 559 S.W.3d 527, 535 (Tex. Crim. App. 2018); *State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012); *Westbrook v. State*, 753 S.W.2d 158, 159–60 & n.1 (Tex. Crim. App. 1988); *see also Ex parte Terry*, No. 12-20-00006-CR, 2020 WL 827591, at *1 (Tex. App.—Tyler Feb. 19, 2020, no pet.) (mem. op., not designated for publication) (habeas appeal seeking bond reduction must be dismissed if no final written order has been entered). The trial court enters an appealable order when it signs a written order. *See State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that phrase "entered by the court" encompasses signing of written order by trial court); A trial court's docket sheet entry does not constitute an appealable order. *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.).

Appellant filed both a motion to reduce his bond and a writ application arguing for a lower bond. Nothing in the reporter's record from the hearing shows the trial court ever entertained appellant's application for a writ of habeas corpus. The words "habeas" and "writ" were never mentioned during the August 16, 2021 hearing. The trial court orally denied a "request" to reduce appellant's bonds—a ruling that appears to deny appellant's pro se motion to reduce his bonds rather than to deny habeas relief. Moreover, the trial court has not entered any written orders in this case on either matter.

The Court solicited jurisdictional letter briefs from appellant and the State to address the jurisdictional issues in this case. Appellant filed a pro se letter requesting that his writ application be granted or denied, a short brief arguing the trial court erred in not granting habeas relief, a new habeas application addressed to the trial court, a request to the trial court to reduce his bonds, and a motion to compel the trial court to enter a final, written order on his habeas application. The State did not file a response. None of the documents appellant filed shows this Court has jurisdiction over this appeal.

Because the record does not show the trial court ever considered the habeas application, and further does not show the trial court has entered an appealable order, appellant's notice of appeal does not confer jurisdiction upon the Court. *See Smith*, 559 S.W.3d at 535; *Ragston*, 424 S.W.3d at 52; *Henderson v. State*, 153 S.W.3d 735,

735–36 (Tex. App.—Dallas 2005, no pet.); *Ex parte Evans*, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.).

Concluding we lack jurisdiction, we deny appellant's motion to compel and we dismiss the appeal.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

210752f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOHN NATHANIEL
THOMPSON

No. 05-21-00752-CR

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-80629-
2021.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 31st day of January, 2022.