**Dismissed and Opinion Filed March 24, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-01107-CR

### EX PARTE EDRICK PAUL FULLER

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. WX21-93010-J**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Edrick Paul Fuller appeals from the trial court's ruling, reflected only in a docket sheet entry, denying his pretrial application for writ of habeas corpus asserting the State has violated his right to a speedy trial. Because there is no written order, we dismiss the appeal.[1]

Appellant has the right to appeal the trial court's habeas decision when the trial court enters an appealable order. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). The

---

[1] The current writ appeal, writ cause no. WX21-93010-J, arises from trial court cause no. F20-42206-J, which was dismissed because of a defective indictment. A second writ appeal, writ cause no. WX21-93020-J, arises from a reindictment of the offense in trial court cause no. F21-00491-J. Writ cause no. WX21-93020-J was also appealed to this court, and that appeal has been dismissed. *See Ex parte Fuller*, No. 05-21-01178-CR, 2022 WL 304705 (Tex. App.—Dallas Feb. 2, 2022, no pet.) (mem. op., not designated for publication).

trial court "enters" an appealable order by signing a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (concluding court of appeals has no jurisdiction over State's appeal until there is signed written order); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig. proceeding) (determining that trial court has not entered order justifying appeal until written order is signed); *see also Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993) (defendant's timetable for filing notice of appeal from adverse habeas decision begins when appealable order signed).

The clerk's record, filed on January 6, 2022, does not contain a signed written order documenting the trial court's ruling on appellant's habeas application. In his brief, filed March 1, 2022, appellant acknowledges that there is no written order in this case. Nevertheless, appellant contends the Court has jurisdiction over this case because, according to appellant, the trial court told him that the docket entry was a sufficient order. The State's response brief urges the Court to dismiss the appeal for want of a written order.

A docket sheet entry does not qualify as an appealable order sufficient to confer jurisdiction for appellate review. *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.). Because the trial court has not signed and entered an appealable order in the habeas proceeding, appellant's notice of appeal does not confer jurisdiction upon the Court. *See Sanavongxay*, 407 S.W.3d at 259; *Henderson*

*v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet.); *Ex parte Evans*, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.).

Finding no basis for this Court to exercise jurisdiction, we dismiss this appeal. We deny as moot the State's pending motion seeking to supplement the record on appeal with the reindictment.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

211107f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EX PARTE EDRICK PAUL
FULLER

No. 05-21-01107-CR

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. WX21-93010-
J.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 24th day of March, 2022.