**Opinion issued May 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-25-00049-CR

### NO. 01-25-00050-CR

### NO. 01-25-00051-CR

### NO. 01-25-00052-CR

————————————

## EX PARTE MARCUS TYRONE GRANT

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case Nos. 24-08-19233, 24-08-19271, 24-10-19288,**
**and 24-10-10289**

---

## MEMORANDUM OPINION

Appellant Marcus Tyrone Grant, proceeding pro se, is attempting to appeal from the trial court's oral denial of his applications for writ of habeas corpus for reduction of bail. We dismiss.

The clerk's records contain no written ruling on the applications. On February 27, 2025, the Court directed the trial court clerk to supplement the records with the trial court's orders denying appellant's applications for writ of habeas corpus in these four trial court cases. The trial court clerk filed a supplemental clerk's record on April 9, 2025, stating that no written orders were in the file and that the trial court ruling was oral. The reporter's record from the hearing held on January 15, 2025 contains the trial court's oral denial of appellant's applications for writ of habeas corpus.

A court has jurisdiction to determine whether it has jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). An appellant has the right to appeal from the denial of his application for writ of habeas corpus when the trial court enters an appealable order. *See State v. Lara*, 924 S.W.2d 198, 203 (Tex. App.—Corpus Christi-Edinburg 1996, no pet.); *Ex parte Matthews*, 452 S.W.3d 8, 12–13 (Tex. App.—San Antonio 2014, no pet.); TEX. R. APP. P. 26.2. The trial court enters an appealable order when it signs a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (requiring written order for State's appeal); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992)

2

(orig. proceeding) (holding that order "entered by the court" means written order of trial court). Absent a written, appealable order, this Court lacks jurisdiction over these appeals. *See Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Henderson v. State*, 153 S.W.3d 735, 735–36 (Tex. App.—Dallas 2005, no pet.). When we lack jurisdiction, we must dismiss the attempted appeal. *See In re Garcia*, 363 S.W.3d 819, 821 (Tex. App.—Austin 2012, no pet.).

Because the clerk's records contain no appealable, written orders in these four cases, we dismiss the appeals for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

3